IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CONSUMER FINANCIAL PROTECTION BUREAU; COMMONWEALTH OF MASSACHUSETTS; THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York; and COMMONWEALTH OF VIRGINIA, *EX REL.* MARK R. HERRING, ATTORNEY GENERAL,

Plaintiffs,

v.

NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., MICHEAL DONOVAN, RICHARD MOORE, and EVAN AJIN,

Defendants.

Case No.: 5:21-cv-00016-EKD

**RESPONSE TO THE MOTION TO DISMISS**

The motion to dismiss challenges all Plaintiffs' claims under the Consumer Financial Protection Act of 2010 (CFPA) and Virginia's claims under the Virginia Consumer Protection Act (VCPA). This response is filed on behalf of the Consumer Financial Protection Bureau, Massachusetts, and New York. Virginia will file its own response so that it may specifically address Defendants' argument that the Court should dismiss the VCPA claims.

Defendants' challenge to the CFPA claims boils down to a single issue: whether Plaintiffs have adequately alleged that Libre by Nexus, Inc.[1] (Libre) is a "covered person" under the CFPA such that Plaintiffs have enforcement authority over Libre. But the Complaint alleges that Libre, through its deceptive and abusive acts and practices, engages in offering or providing extensions of credit to pay for consumers' immigration bonds. These transactions are "financial products or services" under the CFPA, and because Libre offers them to consumers, Libre is a "covered person" under the CFPA. The Court should therefore deny the motion to dismiss the CFPA claims.

## Background

The Complaint alleges that Defendants prey on detained immigrants by offering to pay for their immigration bonds to secure their release. The Complaint further alleges that Libre charges detainees and their friends and family hefty upfront and monthly fees for this service and engages in various deceptive and abusive practices, including presenting complex, and at times incoherent, agreements in English when most of Libre's clients do not speak or read English; misrepresenting the nature and cost of its services; and making false threats of arrest or deportation if the consumers fail to pay Libre.

Most pertinent to the motion to dismiss are the allegations that show how Libre leads consumers to reasonably believe that it has offered or provided them an extension

[1] Defendants use "Nexus" to refer to both Libre and its parent company, Nexus Services, Inc. But Libre is the only corporate Defendant that Plaintiffs contend is a "covered person." Plaintiffs seek to hold Nexus Services liable for providing unlawful substantial assistance to Libre. *See* 12 U.S.C. § 5536(a)(3). And Plaintiffs seek to hold the individual Defendants liable both for providing unlawful substantial assistance to Libre and as "related persons" who, under the CFPA, are "deemed" covered persons, *see id.* § 5481(25)(B).

of credit—a loan—that the consumer must repay.[2] Those allegations include that Libre "falsely told consumers that Libre paid the full amount of the consumer's bond to ICE to secure the consumer's release,"[3] that Libre "falsely told consumers that the $420 monthly payments were repayments to Libre for the bond it paid,"[4] and that consumers "thought their monthly payments were going toward paying down their bond."[5]

Rather than grapple with these allegations, Defendants' motion focuses on the results in three irrelevant private arbitrations, quotes from voluminous documents that the Court should not consider on a motion to dismiss, and asserts that Libre is excluded from the CFPA's coverage because it is regulated by state insurance regulators and sells nonfinancial goods or services.

But the results from private arbitrations are not relevant to Plaintiffs' claims, and the Complaint's allegations negate the CFPA's exclusions for persons regulated by state insurance regulators and who sell nonfinancial goods or services. Try as it might, Libre cannot escape the well-pleaded allegation that "Libre . . . is a 'covered person' under the CFPA."[6] The Court should therefore deny the motion to dismiss the CFPA claims.

## Argument

Defendants style their motion as one to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). But the motion is properly construed as one to dismiss for failure to state a claim under Rule 12(b)(6). At its core, the motion argues that Libre is not a "covered person" or is otherwise excluded from Plaintiffs' enforcement authority

---

[2] Compl. ¶¶ 114–120, ECF No. 1.
[3] *Id.* ¶ 114.
[4] *Id.* ¶ 115.
[5] *Id.* ¶ 117.
[6] *Id.* ¶ 19.

under the CFPA. But whether a defendant is covered by the federal statute at issue is distinct from whether the court has jurisdiction to hear the case. As the Supreme Court has held, unless Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional," courts should treat the issue as only an element of the plaintiff's claim for relief.[7]

Here, the motion challenges whether Libre is covered by the CFPA. But Congress did not clearly state that the CFPA's limitations on who is a "covered person" are jurisdictional. The Court should therefore treat the motion as challenging an element of Plaintiffs' CFPA claims under Rule 12(b)(6) rather than one challenging the Court's jurisdiction under Rule 12(b)(1).[8]

In any event, there can be no question that subject-matter jurisdiction exists here, as this action is "brought under Federal consumer financial law,"[9] presents a

---

[7] *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) ("If the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.") (cleaned up); *see also Reynolds v. Am. Nat'l Red Cross*, 701 F.3d 143, 155 (4th Cir. 2012) (holding that whether the defendant was a covered "employer" under the ADA "is not a limit on jurisdiction but, rather, an element of the claim itself"); *FTC v. AT&T Mobility LLC*, 835 F.3d 993, 997 n.4 (9th Cir. 2016) ("The FTC's statutory authority to bring claims against AT&T has no bearing on the district court's jurisdiction to consider the FTC's Complaint."), *rev'd en banc on other grounds*, 883 F.3d 848 (9th Cir. 2018); *Assoc. Dry Goods Corp. v. EEOC*, 419 F. Supp. 814, 818 (E.D. Va. 1976) ("Defendant's assertion that the sections of federal law cited by plaintiff are not applicable to the instant case does not defeat jurisdiction, but rather contests whether the plaintiff has stated a cause of action.").

[8] *See AT&T Mobility*, 835 F.3d at 997 n.4 ("The district court had jurisdiction over the FTC's claims even if the FTC lacked the statutory authority to bring those claims. AT&T's motion, in other words, raises a Rule 12(b)(6) issue, not a Rule 12(b)(1) issue.").

[9] 12 U.S.C. § 5565(a)(1) ("The court . . . in an action . . . brought under Federal consumer financial law . . . shall have jurisdiction . . . .").

federal question,[10] and is brought by the Bureau, an agency of the United States.[11] Similarly, there can be no question that the Court has supplemental jurisdiction over the state-law claims because, as the Complaint alleges,[12] they are so related to the CFPA claims that they form part of the same case or controversy.[13]

The only question, then, to be decided on Defendants' motion is whether, accepting the Complaint's allegations as true and drawing all reasonable factual inferences in Plaintiffs' favor,[14] Plaintiffs have stated claims for relief, including that Libre is a "covered person." In considering this question, the Court should not credit any of the exhibits attached to the motion—not only because they are extrinsic to the Complaint,[15] but also because they are irrelevant to Plaintiffs' claims. Instead, the Court must credit the Complaint's allegations, which adequately plead that Libre is a "covered person."

## I. Plaintiffs have properly pleaded that Libre is a "covered person."

The CFPA makes it unlawful for a "covered person . . . to engage in any unfair, deceptive, or abusive act or practice."[16] To state claims against Libre for deception and

---

[10] 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States.").
[11] *Id.* § 1345 (providing that district courts have original jurisdiction over all civil actions commenced by an agency of the United States).
[12] Compl. ¶ 11.
[13] 28 U.S.C. § 1367(a) (providing that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy").
[14] *Allen v. Young*, No. 7:20CV00206, 2021 WL 826778, at *1 (W.D. Va. Mar. 4, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[15] *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (noting the "general rule [that] extrinsic evidence should not be considered at the 12(b)(6) stage" unless "it was integral to and explicitly relied on in the complaint").
[16] 12 U.S.C. § 5536(a)(1)(B).

abusiveness, then, Plaintiffs must plead, among other things, that Libre is a "covered person." The motion to dismiss challenges the sufficiency of Plaintiffs' allegations on this point, but the allegations are more than sufficient.

A "covered person" is one "that engages in offering or providing a consumer financial product or service."[17] The financial products that Libre engages in offering or providing are extensions of credit.[18] As the Complaint alleges, Libre "creates the reasonable impression in consumers' minds that it is offering or providing extensions of credit to pay for consumers' immigration bonds," which renders these transactions "consumer-financial products or services under the CFPA."[19]

The Complaint supplies specific facts:

- Libre "falsely told consumers that Libre paid the full amount of the consumer's bond to ICE to secure the consumer's release";[20]

- Libre "falsely told consumers that the $420 monthly payments were repayments to Libre for the bond it paid" or "failed to explain that the monthly payments go to the GPS-device lease, leading consumers to reasonably believe that the monthly payments were repayments to Libre for the bond it claimed to have paid";[21]

- "Libre expressly or implicitly represented to consumers that . . . monthly payments, which consumers were required to repay over a term of months, were payments toward a loan";[22] and

- consumers "thought their monthly payments were going toward paying down their bond"—a misunderstanding of which Libre was aware but failed to correct.[23]

---

[17] *Id.* § 5481(6)(A).
[18] *Id.* § 5481(15)(A)(i).
[19] Compl. ¶ 19.
[20] *Id.* ¶ 114.
[21] *Id.* ¶ 115.
[22] *Id.* ¶ 116.
[23] *Id.* ¶ 117.

The alleged facts, taken as true, plausibly state claims for relief, including that Libre is a "covered person" such that Plaintiffs have enforcement authority over Libre.

In its motion, Libre argues that it is not a "covered person" because the term "financial product or service" does not include "the business of insurance."[24] This argument fails for two reasons. First, by its own admission, Libre is *not* in "the business of insurance"; indeed, on page 11 of its motion, Libre "vehemently" denies "that it is a business of insurance." Second, and more fundamentally, Plaintiffs allege that the "financial product" that Libre offers is not insurance, but an extension of credit, which fits squarely within the definition of "financial product or service."[25] Thus, even if Libre were in the business of insurance, it would still be a "covered person" because it "engages in offering . . . a consumer financial product."[26]

## II. The CFPA's exclusions do not insulate Libre from liability.

Libre argues that two exclusions under the CFPA—one for persons regulated by state insurance regulators and another for merchants of nonfinancial goods and services—insulate it from liability. Notably, Libre does not argue that the exclusions bar the *States'* CFPA claims.[27] Nor could it. The state-insurance-regulator exclusion provides only that "the *Bureau* shall have no authority" over a person regulated by a State insurance regulator,[28] and the merchant exclusion similarly provides only that

---

[24] Mot. to Dismiss at 10 (citing 12 U.S.C. § 5481(15)(C)), ECF No. 18.
[25] 12 U.S.C. § 5481(15)(A)(i) (providing that "extending credit" is a "financial product or service").
[26] *Id.* § 5481(6)(A).
[27] Mot. to Dismiss at 8 ("Section I argues that *the CFPB* does not have jurisdiction over these Defendants because the CFB [sic] does not have jurisdiction over persons subjected to regulation by any state insurance agency.") (emphasis added).
[28] 12 U.S.C. § 5517(f)(1) (emphasis added).

"[t]he *Bureau* may not exercise" enforcement authority over certain merchants.[29] Neither provision purports to limit the *States'* authority under the CFPA. So even if these exclusions were to apply here, they would not result in dismissal of the States' CFPA claims.

But the exclusions do not bar the Bureau's claims, either. While the state-insurance-regulator exclusion at first appears to broadly limit the Bureau's authority, it goes on to provide that the exclusion "does not apply . . . to the extent that such person is engaged in offering or providing any consumer financial product or service."[30] The same goes for the merchant exclusion: what begins with a seemingly broad exclusion is followed by a carveout "to the extent that such person is engaged in offering or providing any consumer financial product or service."[31] Because the Complaint alleges that Libre "engaged in offering or providing a consumer financial product or service," neither of these exclusions applies.

In *CFPB v. Frederick J. Hanna & Assocs.*, the court was required to decide whether the CFPA's practice-of-law exclusion barred the Bureau's claims. In holding that it did not, the court noted that "Congress's unusual manner of creating a broad exclusion to the Bureau's enforcement authority, and then carving out exceptions to the exclusion[,] . . . appears to be the consistent, intentional style of legislative drafting employed in other sections of the statute as well and arguably indicates a careful consideration of the scope of these exclusions."[32] Each of the exclusions at issue here,

[29] *Id.* § 5517(a)(1) (emphasis added).
[30] *Id.* § 5517(f)(2).
[31] *Id.* § 5517(a)(1).
[32] *CFPB v. Frederick J. Hanna & Assocs.*, 114 F. Supp. 3d 1342, 1355 n.4 (N.D. Ga. 2015).

like the practice-of-law exclusion in *Frederick J. Hanna*, "unambiguously . . . provides a carve-out for the Bureau to bring its CFPA claims."[33]

## Conclusion

Because Plaintiffs have properly pleaded that Libre is a "covered person" under the CFPA, and because the CFPA's exclusions do not limit Plaintiffs' authority over Libre, the Court should deny the motion to dismiss.

Respectfully submitted,

*Attorneys for the Consumer Financial Protection Bureau*

Cara M. Petersen
*Acting Enforcement Director*
Jeffrey Paul Ehrlich
*Deputy Enforcement Director*
Kara K. Miller
*Assistant Litigation Deputy*

**Hai Binh T. Nguyen**
California Bar Number: 313503
Donald R. Gordon
District of Columbia Bar Number: 482384
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Nguyen): (202) 435-7251
Telephone (Gordon): (212) 328-7011
Email: haibinh.nguyen@cfpb.gov
Email: donald.gordon@cfpb.gov

*Attorneys for the Commonwealth of Massachusetts*

Maura Healy
*Attorney General*

**Jon Burke**
Massachusetts Bar Number: 673472
Assistant Attorney General

[33] *Id.* at 1352.

Office of the Attorney General
10 Mechanic Street
Worcester, MA 01608
Telephone: (774) 214-4416
Fax: (508) 795-1991
Email: Jonathan.burke@mass.gov

*Attorneys for the People of the State of New York*

LETITIA JAMES
*Attorney General*

Jane Azia (New York Bar Number: 1539600)
*Bureau Chief for the Bureau of Consumer Frauds and Protection*
Laura Levine (New York Bar Number: 2337368)
*Deputy Bureau Chief for the Bureau of Consumer Frauds and Protection*

**Joseph P. Mueller**
New York Bar Number: 5079389
Stewart Dearing
New York Bar Number: 5108444
Assistant Attorneys General
Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone (Mueller): (212) 416-8321
Telephone (Dearing): (212) 416-8320
Fax: (212) 416-6003
Email: Joseph.Mueller@ag.ny.gov
Email: Stewart.Dearing@ag.ny.gov