IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CONSUMER FINANCIAL PROTECTION BUREAU; COMMONWEALTH OF MASSACHUSETTS; THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York; and COMMONWEALTH OF VIRGINIA, *EX REL.* MARK R. HERRING, ATTORNEY GENERAL,

Plaintiffs,

v.

NEXUS SERVICES, INC.; LIBRE BY NEXUS, INC.; MICHEAL DONOVAN; RICHARD MOORE; and EVAN AJIN,

Defendants.

Case No.: 5:21-cv-00016-EKD

**RESPONSE TO THE MOTION TO DISMISS**
**WITH RESPECT TO VIRGINIA STATE LAW CLAIMS**

The Commonwealth of Virginia, *ex rel.* Mark R. Herring, Attorney General ("Virginia" or "Virginia Attorney General") files this opposition to Defendants' Motion to Dismiss, ECF No. 18. With respect to Defendants' arguments as to why the Court should dismiss federal claims under the Consumer Financial Protection Act of 2010 (CFPA), the Virginia Attorney General adopts the arguments made by and joins its co-plaintiffs, the Consumer Financial Protection Bureau, the Commonwealth of Massachusetts, and the State of New York, in the Response to the Motion to Dismiss, ECF No. 22.[1]

[1] Including the statement that Virginia's state-law claims are so related to the CFPA claims that they form part of the same case or controversy. Response to Motion to Dismiss at 5; *see also* Complaint ¶ 11; 28 U.S.C. § 1367(a) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

As explained there, the Court should deny the Motion to Dismiss as it pertains to the federal claims expressed in Counts One through Ten. For the reasons explained below, the Court should also deny the Motion to Dismiss as it pertains to the state-law claims expressed in Count Eleven, which is unique to the Virginia Attorney General. In Count Eleven, Virginia seeks to hold defendants Nexus Services, Inc. ("Nexus") and Libre by Nexus, Inc. ("Libre") (together, the "Corporate Defendants") liable for violating the Virginia Consumer Protection Act ("VCPA"), Virginia Code §§ 59.1-196 *et seq*. None of the arguments the Defendants advance require dismissal of that claim.

**Background**

The Complaint provides a detailed description of various deceptive and misleading activity giving rise to violations of the VCPA by alleging that the Corporate Defendants, among other things, provided an Original Agreement in English, when the vast majority of its customers could not read or write in English; used and provided sham documents in those Original Agreements; misrepresented their affiliation with immigration authorities; misrepresented that the GPS ankle monitors they required consumers to wear were functional; misrepresented their status as an immigration-bond company or provider; and generally misrepresented the nature of the services they provided to consumers. *See* Complaint ¶ 204.

Importantly, the Corporate Defendants engaged in the alleged violations through their role as an intermediary between immigration detainees and sureties and their bond agents, with the sureties posting and issuing immigration bonds to ensure the detainee's release. *See* Complaint ¶ 37. In their Motion to Dismiss, the Defendants argue they are excluded from the VCPA through an exclusion for "insurance companies." *See* Defendants' Motion to Dismiss at 17-18. The exclusion simply does not apply. The

Complaint does not allege the Corporate Defendants are acting as sureties meeting the definition of "insurance companies" in the Virginia Code, nor are they in fact "insurance companies" subject to the exclusion in the VCPA.

**Argument**

The Virginia Attorney General alleges that the Corporate Defendants violated the VCPA through various misrepresentations and deceptions. *See* Complaint ¶¶ 198 through 206. The Virginia General Assembly enacted the VCPA to "promote fair and ethical standards of dealing between suppliers and the consuming public." Va. Code Ann. § 59.1-197. As remedial legislation, the VCPA "must be liberally construed to avoid the mischief at which it is directed and to advance the remedy for which it was promulgated," *Valley Acceptance Corp. v. Glasby*, 230 Va. 422, 428 (1985), and construed liberally "in favor of the injured party." *Ballagh v. Fauber Enterprises, Inc.*, 290 Va. 120, 125 (2015). Additionally, the Complaint's allegations must be accepted as true, drawing all reasonable factual inferences in plaintiffs' favor. *Allen v. Young*, No. 7:20CV00206, 2021 WL 826778, at *1 (W.D. Va. Mar. 4, 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Defendants argue that their business is excluded from the VCPA, and that the Virginia Attorney General's state law claims should be dismissed, based on the exclusion found in the VCPA at Virginia Code § 59.1-199(D) for "insurance companies regulated and supervised by the State Corporation Commission or a comparable federal regulating body." This exclusion does not apply to Nexus or Libre. Title 38.2 of the Virginia Code, which governs the business of insurance in Virginia, defines "insurance company" as "any company engaged in the business of making contracts of insurance." *See* Va. Code Ann. § 38.2-100. Neither Nexus, Libre, nor any of the Defendants in this matter, are "insurance

companies" as they are not now, and never have been, engaged in the business of *making* contracts of insurance.[2] As a result, the Defendants do not meet the "insurance company" exclusion found within Virginia Code § 59.1-199(D). Moreover, an "insurer," which Virginia Code § 38.2-100 defines to mean "an insurance company," must obtain a license from the State Corporation Commission ("SCC") or otherwise be authorized to transact the business of insurance in the Commonwealth of Virginia. *See* Va. Code Ann. § 38.2-1024(A). Neither Nexus, Libre, nor any of the Defendants in this matter, are now, or ever have been, licensed by the SCC or otherwise authorized to transact the business of insurance in the Commonwealth of Virginia. The VCPA exclusion for "insurance companies" does not apply.

In Virginia, an "agent of an insurer" is required to have a separate license from that required of an "insurance company." *See* Va. Code Ann. § 38.2-1822. While not germane to application of the exclusion for "insurance companies" in Virginia Code § 59.1-199(D), it is worth emphasizing that neither Nexus, Libre, nor any of the Defendants in this matter, have ever been licensed "insurance agents" in the Commonwealth of Virginia. Regardless of whether the Defendants are now acting as unlicensed "insurance agents," or ever were unlicensed "insurance agents" during any relevant times which they have always denied, no one, to our knowledge, has ever taken the position that either of the Corporate Defendants was an "insurance company." As the Defendants state simply, "Nexus vehemently denied, and still denies, that it is a business of insurance, or that it is subject to any State insurance regulator. . . ." Defendants' Motion to Dismiss at 11. As the Corporate Defendants are not "insurance companies regulated and supervised by the

[2] The Defendants do not make or offer their own surety bonds to the public. The Corporate Defendants serve only as an intermediary between consumers and the surety bond companies.

State Corporation Commission or a comparable federal regulating body," they are not excluded from the VCPA pursuant to Virginia Code § 59.1-199(D).

To the extent the Corporate Defendants now are arguing that unlicensed insurance agent activity brings them within the VCPA exclusion for "insurance companies," that interpretation of the VCPA is inconsistent with its plain meaning and its being liberally construed in favor of the Commonwealth on behalf of harmed consumers. Even if the Corporate Defendants were licensed as "agents of an insurer," which they are not, the VCPA exclusion applicable to "insurance companies" does not extend to "insurance agents." *See, e.g.*, *Reese v. Wampler Foods,* 222 Va. 249, 252 (1981) ("If a statute expressly excepts a class which would otherwise fall within its terms, the exception negates the idea that any other class is excepted."). "[W]hen analyzing a statute, we must assume that the 'the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute.'" *City of Va. Beach v. ESG Enters.,* 243 Va. 149, 153 (1992) (quoting *Barr v. Town and Country Properties,* 240 Va. 292, 295 (1990))*; see also State Farm Mut. Auto. Ins. Co. v. Brower*, 204 Va. 887, 892 ((1964) (reversing court's decision to "narrowly construe" remedial uninsured motorist legislation in a way that created an exclusion). The Court may wish to compare, for example, the exclusion provided in § 59.1-199(F) for "[r]eal estate licensees who are licensed in Chapter 21 (§ 54.1-2100 et seq.) of Title 54.1." This exclusion covers several types of real estate licensees, including real estate firms, real estate brokers, real estate salespersons, and real estate teams (business entity salespersons). *See* Va. Code Ann. § 54.1-2106.1. If the Virginia General Assembly wanted to exclude more than just "insurance companies" from the VCPA, and include licensed "insurance agents" in the exclusion, it certainly knew how to do so. Because the VCPA is remedial legislation,

the Court should construe its exclusions narrowly to bring conduct within the VCPA's reach, as opposed to expansively in ways that create unintended exclusions.[3]

The facts alleged in the Complaint sufficiently plead that the Corporate Defendants violated and are subject to the VCPA. The Plaintiffs have brought an enforcement action pursuant to state and federal consumer protection laws. The private arbitration findings cited by the Defendants should have no precedential value or persuasive influence on this matter particularly at this stage.[4] *See Nexus Servs., Inc. v. Vance*, No. 5:17-CV-00072, 2018 WL 542977, at *1 (W.D. Va. Jan. 24, 2018) (holding that, other than certain documents attached to the complaint, the court cannot consider matters outside pleadings under Rule 12(b)(6) without converting the motion to a summary-judgment proceeding). The Virginia Attorney General has sufficiently pled that the Corporate Defendants engaged in "consumer transactions" subject to the VCPA.[5] *See* Complaint ¶ 203.

---

[3] In addition to the Virginia cases cited, cases from other jurisdictions support this same proposition. *See, e.g.*, *Hickey v. Great W. Mortgage Corp.*, 1995 U.S. Dist. LEXIS 405, at *29-30 (N.D. Ill. 1995) (holding that with respect to a similar "remedial act," exclusions from a definition should be narrowly construed in order to protect the consumer). Moreover, the Corporate Defendants should not be allowed to steadfastly deny on the one hand, but use as a shield on the other, the allegation made against them that they are unlicensed insurance agents, nor should an unlawful act under an industry-specific regulation or law (e.g., unlicensed activity) shield all other activity from deceptive trade practice law. That is precisely the kind of mischief the General Assembly attempted to foreclose by making the VCPA remedial legislation. *See, e.g.*, *Johnson v. John Hancock Funds*, 217 S.W.3d 414, 423 (Tenn. Ct. App. 2005) (exclusion in the Tennessee Consumer Protection Act "should not be read so broadly that it undermines the remedial purpose of the [Act]"); *Zimmerman v. Cambridge Credit Counseling Corp.*, 409 F.3d 473, 476 (1st Cir. 2005) (narrow construction of exclusions in remedial statutes are favored); *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 559 (6th Cir. 2006) ("Following traditional canons of statutory interpretation, remedial statutes should be construed broadly to extend coverage and their exclusions or exceptions should be construed narrowly.").

[4] This is especially true of the claim of assault and battery discussed, which is not a claim the government Plaintiffs have brought in this matter. The quoted factual and legal findings in referenced private arbitration proceedings of individual consumers have little relevance here, in any case, as such findings are not binding on this Court or the Plaintiffs who, among other things, were not parties to those proceedings or in privity with those parties. *See, e.g.*, *Lane v. Bayview Loan Servicing, LLC*, 297 Va. 645, 654 (2019) ("Issue preclusion, also known as collateral estoppel, precludes 'parties to the first action and their privies' from relitigating 'any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.'" (quoting *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135 at 142 (2017) (emphasis omitted))).

[5] The same finding, apparently, of the arbitrator quoted on page 3 of the Defendants' Motion to Dismiss, who indicated, "Here, there is no dispute that this was a 'consumer transaction' subject to the VCPA."

## Conclusion

The Commonwealth respectfully requests that the Court deny the Defendants' Motion to Dismiss in its entirety.

Dated: March 15, 2021

Respectfully submitted,

*Counsel for the Commonwealth of Virginia, ex rel.*
*Mark R. Herring, Attorney General*

Mark R. Herring
*Attorney General*
Erin B. Ashwell
*Chief Deputy Attorney General*
Samuel T. Towell
*Deputy Attorney General*
Richard S. Schweiker, Jr.
*Chief and Senior Assistant Attorney General*

s/ Stephen J. Sovinsky
Stephen J. Sovinsky
Virginia Bar Number: 85637
Assistant Attorney General
David B. Irvin
Senior Assistant Attorney General
Virginia Bar Number: 23927
Office of the Attorney General
Consumer Protection Section
202 North Ninth Street
Richmond, VA 23219
Telephone: (804) 823-6341
Fax: (804) 786-0122
Email: ssovinsky@oag.state.va.us