IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

|  |  |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU; COMMONWEALTH OF MASSACHUSETTS; THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York; and COMMONWEALTH OF VIRGINIA, *EX REL.* JASON S. MIYARES, ATTORNEY GENERAL, | Case No.:  5:21-cv-00016-EKD-JCH |
| Plaintiffs, | Judge Elizabeth K. Dillon Magistrate Judge Joel C. Hoppe |
| v. |  |
| NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., MICHEAL DONOVAN, RICHARD MOORE, and EVAN AJIN, |  |
| Defendants. |  |

### Statement Detailing and Itemizing Discovery Dispute

Pursuant to the Order entered September 29, 2021, ECF No. 81, Plaintiffs[1]
submit the attached statement detailing and itemizing discovery disputes concerning
Plaintiffs' First Requests for the Production of Documents and Electronically Stored
Information Addressed to Nexus Services, Inc. and Libre by Nexus, Inc. (the "Entity
Defendants"); Micheal Donovan; Richard Moore; and Evan Ajin (the "Individual
Defendants") (collectively, "Defendants"). The Requests were served on June 9, 2021
and are attached as Exhibits 1, 2, 3, and 4 respectively. Defendants' responses were
served on September 28, 2021 and are attached as Exhibits 5, 6, 7, and 8 respectively.

---

[1] As explained on page 3, *infra*, Plaintiffs gave Defendants multiple opportunities to contribute to a Joint Statement. Defendants did not submit content for inclusion in a Joint Statement, so Plaintiffs are submitting this statement independently.

Plaintiffs seek an order under Rule 37 of the Federal Rules of Civil Procedure (a) compelling Defendants to produce documents in response to the Requests as detailed in the chart below; and (b) awarding Plaintiffs attorney's fees and costs.

## I.  Plaintiffs' Position

Plaintiffs seek the Court's intervention to prevent Defendants from further delaying both discovery and the timely resolution of this case consistent with the Scheduling Order. Plaintiffs filed this action more than a year ago, on February 22, 2021. Plaintiffs allege that Defendants have engaged in unfair, fraudulent, deceptive, and abusive practices that have harmed thousands of vulnerable consumers nationwide. Plaintiffs served Requests for the Production of Documents ("RFPs") on Defendants more than 10 months ago, on June 9, 2021. Defendants are in possession, custody, and control of a large volume of material that is relevant to Plaintiffs' claims and responsive to the RFPs. Yet, to date, Defendants have produced only <u>38 documents</u>—and nothing since October 2021.[2]

As detailed in the chart below, Defendants have failed to produce documents that they represented would be produced; they have withheld thousands of critical documents based on objections that were waived and are without merit; and they have stalled ESI discovery, failing to produce *any* ESI to date. Defendants' refusal to comply with proper discovery demands has prevented the case from moving forward and jeopardizes upcoming case management deadlines, including deadlines to complete depositions (September 1, 2022), finish fact discovery (October 27, 2022), file

---

[2] Conversely, since receiving Defendants' Requests for the Production of Documents, Plaintiffs have produced over 100,000 documents.

dispositive motions (November 11, 2022), and begin the trial of this case (January 30, 2023).

Plaintiffs notified Defendants on March 22, 2022, that they considered the parties to be at an impasse that required the Court's intervention. Plaintiffs provided Defendants a copy of the Statement and requested that Defendants fill in any content to be included by April 14. *See* Ex. 20. Plaintiffs subsequently extended the deadline to April 22. Defendants did not respond by that deadline. On April 25, Defendants for the first time raised issues with the format of the Statement and requested additional time to respond. Plaintiffs declined and informed Defendants that they intended to file the Statement.

### A. Plaintiffs' Statement of Efforts to Resolve These Disputes

Plaintiffs have attempted in good faith to resolve these disputes without court intervention. But Plaintiffs' efforts have been unsuccessful. Defendants have delayed discovery from the start. As discussed further below, Defendants took nearly four months, from June 9 to September 28, 2021, to provide their initial written responses to Plaintiffs' RFPs, in violation of Fed. R. Civ. P. 34(b)(2)(A). Both the responses, and the miniscule production of documents that the Entity Defendants made in October, were substantially deficient. Plaintiffs first notified Defendants of these deficiencies on October 15, 2021. *See* Ex. 9. Plaintiffs subsequently met and conferred with Defendants on November 10, 2021, and several dates thereafter; exchanged extensive correspondence in an attempt to clarify the parties' relative positions and reach a resolution; and narrowed requests where appropriate. *See, e.g.,* Ex. 9 (Plaintiffs' letter dated Oct. 15, 2021, addressing issues with Defendants' responses to the RFPs); Ex. 10 (Plaintiffs' letter dated Nov. 5, 2021, addressing the same) (letter's exhibits omitted); Ex.

11 (Plaintiffs' email dated Nov. 12, 2021, memorializing meet and confer); Ex. 12 (Plaintiffs' letter dated Nov. 22, 2021, addressing Defendants' production deficiencies) (letter's exhibits omitted); Ex. 13 (Parties' email correspondence in Nov. and Dec. 2021, concerning Defendants' production deficiencies); Ex. 14 (Plaintiffs' letter dated Dec. 14, 2021, addressing the same) (letter's exhibits omitted); Ex. 15 (Plaintiffs' email dated Jan. 14, 2022, addressing issues with Defendants' discovery responses); Ex. 16 (Plaintiffs' counterproposal of search terms and custodians dated Jan. 24, 2022); Ex. 17 (Plaintiffs' email dated Jan. 29, 2022, addressing issues with Defendants' discovery responses ); Ex. 18 (Plaintiffs' email dated Feb. 4, 2022, addressing Defendants' failure to produce certain documents); Ex. 19 (Defendants' email dated Feb. 24, 2022, notifying Plaintiffs that "the outside discovery vendor Nexus has been using has stopped work on this case until the next installment payment is made" and stating that Defendants "anticipate that this situation should be resolved within the next week"); Ex. 20 (Plaintiffs' email dated Mar. 22, 2022, memorializing discovery disputes and asking Defendants to provide content for a Joint Statement). But, since the initial meet and confer in November 2021, Defendants have not produced a single additional document. Despite substantial efforts, Plaintiffs are not materially closer to acquiring the document discovery to which they are entitled than they were ten months ago. To date, Plaintiffs have not received a complete production of documents in response to a single RFP.

To move this case forward, Plaintiffs have no option but to seek to compel the production of documents responsive to the RFPs listed in the chart below. The record makes evident that Defendants will not satisfy their discovery obligations absent compulsion by the Court.

### 1. Defendants Should Produce Databases Containing Critical Consumer Information

The Entity Defendants processed, tracked, and recorded consumer interactions and information using a number of software and cloud-based systems (hereafter "databases"), including Capsule[3] and Lightspeed.[4] These databases contain extensive information that is both central to Plaintiffs' case and directly responsive to the RFPs. *See* Plaintiffs' Itemization of Discovery Dispute *infra* (Entity RFP Nos. 5, 8, 10, 11, 13, 14, 17, and 20). Consistent with the Federal Rules of Civil Procedure and the ESI Order, Plaintiffs have demanded that the Entity Defendants produce responsive files and records from the databases as they are maintained in the usual course of business, without redactions for relevance. *See* Fed. R. Civ. P. 34(B)(2)(E)(i)-(ii); ESI Order § IV(C) (prohibiting redactions based on relevance); *see also Toyo Tire & Rubber Co. v. CIA Wheel Grp.*, No. SA CV 15-00246-DOC (DFMx), 2016 U.S. Dist. LEXIS 184189, at *6 (C.D. Cal. Feb. 23, 2016) (noting that litigants "may not redact otherwise responsive documents because those documents contain irrelevant material.").

The Entity Defendants, however, have refused to produce the complete databases, asserting that they include non-relevant material, including what Defendants have termed "sensitive" consumer information. Defendants have represented that they would produce a "statistically significant sample" of files from the databases, from which

---

[3] Capsule is the Customer Relationship Management (CRM) system Defendants used to manage and record interactions with consumers. Plaintiffs understand that Defendants maintained a Capsule file for each consumer who was released from detention on bond. Based upon the limited number of Capsule files Plaintiffs have acquired and reviewed, these files generally contained information including: the consumer's name; the amount of the consumer's immigration bond; services provided to the consumer by Defendants, including copies of any associated agreements; records of communications between Defendants and the consumer, including Defendants' representations to the consumer about services offered and Defendants' demands for payment of fees; and information concerning the status of the consumer's immigration case and consumers' demands for refunds.

[4] Lightspeed is the Point of Sale (POS) system Defendants primarily used to collect and track consumers' payments.

they will redact or withhold non-relevant, "sensitive" information. But Defendants never produced any such sample. And, even if they had, there is no basis for Defendants' position.

First, the Entity Defendants have no basis to redact or withhold information from records in the databases that are responsive to Plaintiffs' RFPs. The ESI Order negotiated and agreed to by the parties explicitly prohibits redactions for relevance and permits information to be withheld from production based only upon a "recognized legal privilege or protection." *See* ESI Order, ECF No. 42-2, § IV(C). There is no privilege or protection that permits a corporation to withhold customer information from discovery, and the Entity Defendants have not asserted one. There is, however, a Protective Order in place to facilitate and govern the disclosure of confidential information in this case. Defendants were aware that discovery would involve the disclosure of "sensitive" consumer information when they agreed to both the ESI and Protective Orders. In fact, Defendants litigated this issue in connection with the pre-complaint investigations conducted by New York and Virginia. In both cases, Defendants' attempt to withhold documents on the ground that they contained sensitive consumer information were rejected. The terms of the ESI Order reflect this history between the parties.

Second, the Entity Defendants have no basis to limit their production to a "sample" of database files. In general, relevant materials must be produced in discovery. *See Sines v. Kessler*, No. 3:17-CV-00072, 2021 WL 2309968, at *4 (W.D. Va. June 7, 2021) (Hoppe, J.) ("'The basic philosophy' driving discovery today is 'that prior to trial every party to a civil action is entitled to the disclosure of all relevant information in the possession of any person, unless the information is privileged.'") (citations omitted), *report and recommendation adopted*, 2021 WL 4504689 (Sept. 30, 2021). And

sampling is only appropriate in cases where a party has asserted a valid undue burden or proportionality objection. *See, e.g.*, *Briggs v. Adel*, No. CV-18-02684-PHX-EJM, 2020 U.S. Dist. LEXIS 124514, at *11 (D. Ariz. July 14, 2020) (permitting "a sampling procedure" only because defendant persuasively established "an undue burden"). Defendants failed to assert either objection in response to Plaintiffs RFPs, and they have not explained how a sample would provide all the necessary information. Moreover, such objections would be meritless: All of the records in the databases are responsive to one or more of Plaintiffs' RFPs; Defendants have no basis to withhold or redact any information from those records; therefore, producing the complete files is the proper path forward.

And third, even if the Entity Defendants were withholding discovery under a valid objection—which they are not—they waived their objections to the RFPs by failing to assert them in a timely manner. *See Montoya v. Daisy Fresh Cleaning Co.*, No. 1:19-cv-1264 (RDA/TCB), 2020 U.S. Dist. LEXIS 226042, at *3 (E.D. Va. Apr. 22, 2020) ("A party's failure to submit timely objections to discovery requests may constitute a waiver of any objections."). Under Fed. R. Civ. P. 34(b)(2)(a), Defendants had until July 9, 2021, to provide written responses and objections to the RFPs. Defendants served their responses 81 days later, on September 28, 2021. Defendants had no justification for this delay. Plaintiffs promptly notified Defendants that their responses were past due; made at least eight subsequent demands for the responses; and repeatedly met and conferred with Defendants in an attempt to resolve the issue. But Defendants offered only meritless excuses for refusing to provide responses. Through July and August, Defendants claimed that they could not move forward with discovery because, due to a dispute with a discovery vendor, they did not have access to some documents responsive

to Plaintiffs' RFPs. As Plaintiffs repeatedly explained at the time, even if true,[5] this situation did not justify Defendants' refusal to serve their responses and objections. Then, in September, Defendants informed Plaintiffs that they did not intend to respond to the RFPs because they were going to file a renewed motion to stay discovery. *See* ECF Nos. 67, 68. The filing of a motion to stay discovery does not, of course, stay discovery. *See Joshco Tech v. Mjj&L Holdings*, No. 2:20-cv-00428-APG-NJK, 2020 U.S. Dist. LEXIS 172876, at *2 (D. Nev. Sep. 21, 2020) ("[I]t is well-settled that the act of filing of a motion to stay discovery does not actually create a stay of discovery.").

Under the Federal Rules and the Orders governing discovery in this case, Plaintiffs are entitled to complete productions of the databases in response to the RFPs.

### 2. **Defendants Should Produce Documents and ESI Identified Using Search Terms**

Consistent with the ESI Order, the parties have proposed to use search terms to identify documents that are responsive to twelve RFPs. *See* Plaintiffs' Itemization of Discovery Dispute, *infra* (Entity RFP Nos. 4, 6, 7, 9, 11, 13, 14, 15, 17, 20, 21, and 22). The Entity Defendants have not produced any documents responsive to these requests. The Entity Defendants and Plaintiffs began exchanging proposed search terms and custodians in October 2021. Over the last seven months, Plaintiffs have repeatedly asked the Entity Defendants to run hit reports on the search terms as required by § III(B) of the ESI Order in order to move discovery forward. The Entity Defendants never produced the reports. In February 2022, Defendants informed Plaintiffs that their ESI discovery vendor had stopped work on this case because of non-payment by Defendants.

---

[5] Defendants failed to raise this issue with Plaintiffs during the parties' Rule 26(f) Conference, held on May 9, 2021. However, Defendants subsequently repeated this position in their Initial Disclosures dated and served July 22, 2021. *See* Ex. 21 ("Defendants have no documents, electronically stored information, and tangible things in their possession, custody, or control at this time.").

*See* Ex. 19. This is not a legitimate reason to delay discovery, let alone to completely halt discovery for months, as Defendants have done. Plaintiffs request that the Court order Entity Defendants to produce all documents responsive to these requests located using Plaintiffs' search terms and existing mutually agreed custodians.[6] *See* Ex. 16 (Plaintiffs' Search Terms and Proposed Custodians); Ex. 22 (Defendants' Response to Plaintiffs' Proposed Custodians).

### 3. Defendants Should Produce Documents Concerning the Individual Defendants' Finances and Relationship to the Entity Defendants

Plaintiffs also seek documents that are central to their claims against the Individual Defendants. These include documents concerning the Individual Defendants' roles and responsibilities at Libre and Nexus; contracts or agreements between the Individual and Entity Defendants; and information concerning the Individual Defendants' finances. *See* Plaintiffs' Itemization of Discovery Dispute, *infra* (Ind. Def. RFP Nos. 3, 5, 6, and 8). The Individual Defendants have refused to produce these documents on the ground that they are "wholly irrelevant to Plaintiffs' claims." This position is simply incorrect. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case").

Documents concerning the relationship between the Individual and Entity Defendants are relevant to the Individual Defendants' liability for claims asserted under the CFPA and state law. *See* Compl. ¶¶ 121-141 and Counts 1-10, 12-17. And information concerning the Individual Defendants' finances—including payments or assets received

---

[6] Plaintiffs' request for an order on search terms is not meant to waive their right—and Plaintiffs expressly reserve the right—to seek production of further responsive documents not identified by the search term process.

from the Entity Defendants—are relevant to the remedies for those claims. *See, e.g.,* 12 U.S.C. § 5665(a)(2) and (c) (remedies include refund of consumer payments, disgorgement, damages, and civil monetary penalties; determination of civil penalties should account for "the size of financial resources…of the person charged"); *see also* Hr'g Tr. Oct. 14, 2021 40:1-8 (documents concerning Defendants' financial condition are relevant to Plaintiffs' claims and are discoverable). When meeting and conferring, Defendants initially agreed to reevaluate their position, but subsequently failed to produce any documents.

### 4. Defendants Should Produce Documents Concerning the Entity Defendants' Preservation of Evidence

Entity RFP No. 26 seeks documents related to Entity Defendants' litigation holds and preservation policies and procedures. On October 15, 2021, Plaintiffs withdrew this request "without prejudice to seeking the materials at a future date" and continued to discuss with Defendants the types of ESI that Defendants preserve. *See* Ex. 9 at 6. On December 15, 2021, based on Defendants' response to Plaintiff New York's First Set of Interrogatories, Plaintiffs expressed concerns that Defendants may not have satisfied their duty to preserve discoverable material, requested clarifications regarding Defendants' practices of preserving discoverable material, and renewed their demand that Defendants produce a complete response to Entity RFP No. 26. *See* Ex. 23 at 10-11. Defendants have not produced any documents. Plaintiffs seek the production of all responsive documents to Entity RFP No. 26.

### 5. Documents the Entity Defendants Agreed to Produce But Have Not Produced

Defendants asserted no objections in response to Entity RFP Nos. 16, 24, 25, and 28 and stated that responsive documents would be produced by November 16, 2021 (for

Nos. 16, 25, and 28) or December 7, 2021 (for No. 24). Those dates have long passed.
Defendants further indicated that they did not intend to use search terms to identify
documents responsive to these RFPs. Yet Defendants have produced no documents.
Plaintiffs seek the production of all documents responsive to these requests.

In summary, Plaintiffs request that the Court:

a) order Entity Defendants to produce all Capsule files and Lightspeed files
associated with one or more consumers;

b) order Entity Defendants to produce files from any other databases that track
and record consumer interactions and information that are responsive to
Entity RFP Nos. 5, 8, 10, 11, 13, 14, 17, and 20;

c) order Entity Defendants to conduct a search for responsive ESI by using
Plaintiffs' proposed search terms and the already agreed-to custodians for
Entity RFP Nos. 4, 6, 7, 9, 11, 13, 14, 15, 21, and 22 and Plaintiffs' proposed
custodians for Entity RFP Nos. 17 and 20;

d) order Entity Defendants to produce all relevant records located during the
search conducted in the previous paragraph;

e) order Entity Defendants to produce all documents responsive to Entity RFP
Nos. 16, 24, 25, 26, and 28;

f) order Individual Defendants to produce all documents responsive to Ind. Def.
RFP Nos. 3, 5, 6, and 8; and

g) award Plaintiffs attorney's fees and costs.

## B.  Plaintiffs' Itemization of Discovery Dispute

### Entity Defendant RFPs

| Requests for Production: | Defendants' Response/Objection: | Plaintiffs' Position: |
|---|---|---|
| **RFP No. 4:**  Documents sufficient to show how the Company determined compensation of its employees or agents who interacted or communicated with Consumers Concerning the Nexus Immigration Bond Service or the Nexus Immigration Legal Services, including Documents describing or setting forth any sales incentive program or commissions. | "Defendants will produce relevant, non-privileged documents called for by this request within 21 days of this response." | Plaintiffs seek production of all responsive ESI using Plaintiffs' proposed search terms and existing mutually agreed custodians. *See supra* § I(A)(2).<br><br>The parties agreed to use search terms to identify ESI responsive to this request under ESI Order § III. Defendants have not produced any ESI material. |
| **RFP No. 5**: Documents sufficient to show the following:<br>   a.   all Nexus Products and/or Services;<br>   b.   the number and Identity of Consumers that received each such Nexus Product and/or Service (including the Nexus Immigration Legal Services);<br>   c.   the date(s) on which each such Nexus Product and/or Service was provided to each Consumer Identified in subsection (b); | "As to subpart A, Defendants will produce relevant, non-privileged documents called for by this Request within 21 days of this response. As to subparts B-E, Defendants will produce relevant, non-privileged documents called for by these Requests within 49 days of this response." | Plaintiffs seek production of Capsule files in response to this request.[7]<br><br>Capsule files are responsive to this request. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants. *See supra* § I(A)(1). |

---

[7] Plaintiffs also seek responsive documents from any other CRM database Defendants have used to track and record interactions with consumers.

| | | |
|---|---|---|
| d.  the number and Identity of Consumers who sought but did not receive Nexus Immigration Legal Services; and<br>e.  the number and Identity of Consumers who sought but did not receive any Nexus Products and/or Services, other than Nexus Immigration Legal Services. | | |
| **RFP No.6:**  All Documents and Communications Concerning all advertising, marketing, or promotional material Concerning any Nexus Products and/or Services, including materials for television, internet, social media, in-person or experiential marketing, and printed materials. | "Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response." | Plaintiffs seek production of all responsive ESI using Plaintiffs' proposed search terms and existing mutually agreed custodians for the reasons stated for RFP No. 4 above. |
| **RFP No. 7:**  All Documents constituting or reflecting Company policies, procedures, scripts, talking points, guidance, instructions, and training Concerning the Nexus Immigration Bond Service or the Nexus Immigration Legal Services, and all Communications Concerning the development, revision, or implementation of the foregoing. | "Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response." | Plaintiffs seek production of all responsive ESI using Plaintiffs' proposed search terms and existing mutually agreed custodians for the reasons stated for RFP No. 4 above. |
| **RFP No. 8:**  All Documents the Company provided or made available to any Consumers Concerning the | "Defendants will produce relevant, non-privileged documents called for | Plaintiffs seek production of all Capsule files and contracts with consumers before 2017 as agreed by |

| | | |
|---|---|---|
| Nexus Immigration Bond Service or the Nexus Immigration Legal Services, including written agreements between the Company and Consumers and all Documents incorporated in, referenced by, associated with or presented with such written agreements. | by this Request within 21 days of this response." | Defendants via email on December 6, 2021.<br><br>Capsule files are responsive to this request. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants and stores all documents provided to those consumers. *See supra* § I(A)(1). |
| **RFP No. 9:**  All Documents and Communications Concerning the creation of, or any proposed or actual revisions, amendments, or changes to any Documents that are responsive to Request No. 8. | "Defendants will produce relevant, non-privileged documents called for by this Request within 70 days of this response." | Plaintiffs seek production of all responsive ESI using Plaintiffs' proposed search terms and existing mutually agreed custodians for the reasons stated for RFP No. 4 above. |
| **RFP No. 10:**  Documents sufficient to show (a) the native language of and (b) the language(s) spoken and understood by each Consumer who signed up for the Nexus Immigration Bond Service. | "Defendants will produce relevant, non-privileged documents called for by this Request within 21 days of this response." | Plaintiffs seek production of Capsule files in response to this request.<br><br>Capsule files are responsive to this request. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants. *See supra* § I(A)(1). |
| **RFP No. 11:**  All Documents and Communications (including without limitation any written logs, databases, recordings of telephone calls, text | "As to subpart A, Defendants will produce relevant, non-privileged documents called for by this Request within 21 days of this response. | Plaintiffs seek production of Capsule and Lightspeed[8] files in response to this request. Plaintiffs also seek production of all other responsive ESI, |

[8] Plaintiffs also seek responsive documents from any other database Defendants have used to track and account for consumer payments, including American Spirit, Quickbooks, and Netsuite.

messages, emails, and instant and social media messages) Concerning the following topics:

a. the Company paying Consumers' immigration bonds;

b. Consumers breaching immigration bonds;

c. Consumer non-compliance with the terms, requirements, or conditions of the Nexus Immigration Bond Service, including non-payment;

d. the reason for or purpose of any Consumer payments to the Company Concerning the Nexus Immigration Bond Service;

e. the Company offering or providing loans or offering or extending credit to Consumers Concerning the Nexus Immigration Bond Service;

f. Consumers owing a debt because the Company paid an immigration bond or Consumers' payments to the Company going towards paying down an immigration bond or paying down a loan;

g. arrest, criminal prosecution, detention, or deportation of Consumers or any other negative outcome in a Consumer's immigration case or negative

As to subparts B and C, information related to consumers breaching immigration bonds or non-compliance with the bond services generally is highly sensitive material that is not relevant to Plaintiffs' claims, and therefore is outside the scope of permissible discovery. To the extent that Plaintiffs are actually seeking documents related to their allegations that *Defendants' employees* purportedly engaged in misrepresentations related to these topics, Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response.

As to subparts D-F and H-L, Defendants will produce relevant, non-privileged documents 8 called for by this Request within 70 days of this response.

As to subpart G, information related to an individual consumer's arrest, criminal prosecution, detention, or deportation, or any other negative information related to a consumer's immigration case, is entirely irrelevant to Plaintiffs' claims against Defendants in this Action, and is therefore outside the scope of permissible discovery. By way of a hypothetical, if Consumer X conveyed to Defendants that the individual

including call recordings, using Plaintiffs' proposed search terms and existing mutually agreed custodians for the reasons stated for RFP No. 4 above.

Capsule files are responsive to all subparts of this request and Lightspeed files are responsive to subparts a and d. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants and that Lightspeed tracks consumer payments and the purpose of the payment. *See supra* § I(A)(1).

Defendants waived all objections to the RFP. *See supra* § I(A)(1).

And Defendants' belated and waived objection regarding "sensitive" information in subparts b, c, and g has no legal basis, as discussed in § I(A)(1). Further, the documents sought in subparts b, c, and g are relevant to Plaintiffs' allegations that Defendants made false threats about the purported consequences of nonpayment or noncompliance, including when a consumer breached a bond, *see, e.g.*, Compl. ¶¶ 101-113 and Counts 2, 11-17.

impact on a Consumer's immigration status;

h.  the GPS devices used for the Nexus Immigration Bond Service, including how they functioned; instructions for Consumers about how to use them; injuries, harm, irritation, or any adverse reaction caused by GPS devices; requests by either Consumers or the Company to remove, exchange, or replace a GPS device; co-signers wearing GPS devices; and whether GPS devices are required by third parties (such as the courts or Immigration and Customs Enforcement);

i.   the collection or attempted collection of payments or debts purportedly owed by Consumers for the Nexus Immigration Bond Service, including through the sale or transfer of Consumer accounts or purported debts to a Debt Buyer, Collection Agency, or other third-party Entity for collection;

j.   harm to a Consumer's credit rating or reporting of any kind to a Consumer Reporting Agency;

k.  the Company's affiliation or relationship with any third-party Entity Concerning the provision of the Nexus Immigration Bond Service, including Immigration and

recently was arrested for a DUI and was very concerned what impact this would have on his immigration case, such information—disclosed to Defendants in strict confidence— would have no conceivable relevance to establishing any of Plaintiffs' claims. Simply put, Defendants will not produce information in this Action that (1) could (a) jeopardize the immigration status of a consumer or (b) create a risk of injury or harm to the consumer's well-being and safety, and (2) is ripe for abuse by Plaintiffs and other government agencies, particularly when there is no legitimate need for the information as requested by Plaintiffs. The concern with regard to protecting consumers' well-being and safety is informed by the representation that the federal agency Plaintiff in this matter made to Defendants that evidence of a crime by immigrants will be referred to law enforcement authorities."

| | | |
|---|---|---|
| Customs Enforcement, the U.S. Department of Homeland Security, the courts, and bond agents; and<br>l.    the Nexus Immigration Legal Services. | | |
| **RFP No. 13:** All Documents and Communications Concerning the tracking or accounting of all money received from Consumers or purportedly owed by Consumers for the Nexus Immigration Bond Service, including the following:<br>a.  Lightspeed records;<br>b.  Documents and Communications describing the procedures or ways Consumer payments are or should be made; and<br>c.  Documents and Communications Concerning the accuracy of or completeness of the Company's Consumer payment tracking or accounting system. | "As to subpart A, all Defendant's Lightspeed records would encompass information entirely irrelevant to Plaintiffs' claims in this Action, and is therefore outside the scope of permissible discovery. Defendants will, however, produce a statistically significant, random sample of non-privileged documents called for by this Request within 70 days of this response.<br>As to subpart B, Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response.<br>As to subpart C, Defendants will produce relevant, non-privileged documents called for by this Request within 70 days of this response." | Plaintiffs seek production of Capsule and Lightspeed[9] files in response to this request. Plaintiffs also seek production of all other responsive ESI using Plaintiffs' proposed search terms and existing mutually agreed custodians for the reasons stated for RFP No. 4 above.<br><br>Capsule and Lightspeed files are responsive to this request. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants and that Lightspeed tracks consumer payments. *See supra* § I(A)(1). Capsule files also reflect Defendants' demands for payments from consumers.<br><br>Defendants waived all objections to the RFP. *See supra* § I(A)(1). Further, the documents sought are relevant to Plaintiffs' allegations that Defendants made false threats about the |

---

[9] Plaintiffs also seek responsive documents from any other database Defendants have used to track and account for consumer payments, including American Spirit, Quickbooks, and Netsuite.

| | | |
|---|---|---|
| | | purported consequences of nonpayment, that Defendants misrepresented the purpose of consumers' payments, and that Defendants misrepresented the refund of collateral payments, *see, e.g.*, Compl. ¶¶ 101-120 and Counts 1-5, 7, 11-17.<br><br>Documents concerning how much consumers paid is additionally relevant to the remedies available to Plaintiffs on all counts. |
| **RFP No. 14:** All Documents and Communications Concerning Consumer refunds Concerning the Nexus Immigration Bond Service, including instances when<br>   a.  a Consumer requested a refund and did not receive one;<br>   b.  a Consumer's immigration case ended, when an immigration judge rendered a decision of any kind in a Consumer's case, and/or his or her bond was cancelled; and<br>   c.  a Consumer made payments to the Company or any of its affiliates, but no Consumer was released from immigration detention. | "Defendants will produce relevant, non-privileged documents called for by this Request within 70 days of this response." | Plaintiffs seek production of Capsule files in response to this request. Plaintiffs also seek production of all other responsive ESI using Plaintiffs' proposed search terms and existing mutually agreed custodians for the reasons stated for RFP No. 4 above.<br><br>Capsule files are responsive to this request. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants. *See supra* § I(A)(1). |
| **RFP No. 15:** All agreements between any Defendant and any Person to provide products or services | "As to subparts, A, B and D, Defendants will produce relevant, non-privileged documents called for | Plaintiffs seek production of all responsive ESI using Plaintiffs' proposed search terms and existing |

| | | |
|---|---|---|
| Concerning the Nexus Immigration Bond Service or the Nexus Immigration Legal Services, and Documents and Communications Concerning performance of any Entity under such agreements. The response to this request shall include agreements (and the requested Documents and Communications): <br>    a.  for the provision of GPS hardware or services; <br>    b.  for the provision of marketing, advertising, or public relations services; <br>    c.  for the provision of legal services to Consumers; <br>    d.  for the storage of Communications for the Company, including e-mail, instant messaging, chat, or telephone recordings (both cellular and landlines); and <br>    e.  with any bond, surety, or insurance company or the agent of any bond, surety, or insurance company. | by these Requests within 49 days of this response. <br> As to subparts C and E, Defendants will produce relevant, non-privileged documents called for by these Requests within 49 days of this response." | mutually agreed custodians for the reasons stated for RFP No. 4 above. |
| **RFP No. 16:** Documents sufficient to show all costs incurred by any Defendant or any other money paid, due, owed or allegedly due or owed to third parties by any Defendant Concerning (a) the Nexus Immigration Bond Service and (b) the | "Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response." | Defendants asserted no objections and stated that responsive documents would be produced by November 16, 2021. *See supra* § I(A)(5). <br><br> Plaintiffs seek production of all responsive documents. |

| | | |
|---|---|---|
| Nexus Immigration Legal Services. The response to this Document Request shall include the cost of any services or products provided by third parties to the Company and the cost of paying any employees or agents. | | |
| **RFP No. 17:** All Communications with Consumers, and all Documents Concerning those Communications (including without limitation any written logs, databases, recordings of telephone calls, text messages, emails, and instant and social media messages), Concerning any of the following topics:<br>  a.  how the Nexus Immigration Bond Service works or what it provides to Consumers; and<br>  b.  signing up, registering, or enrolling in the Nexus Immigration Bond Service. | "Defendants will produce a statistically significant, random sample of non-privileged documents called for by this Request within 70 days of this response." | Plaintiffs seek production of Capsule files in response to this request. Plaintiffs also seek production of all responsive ESI using Plaintiffs' proposed search terms and custodians. *See supra* § I(A)(2). Defendants never proposed search terms or custodians on this request, and Plaintiffs have asked that search terms be run to respond to this request. Defendants have not produced any documents.<br><br>Capsule files are responsive to this request. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants. *See supra* § I(A)(1).<br><br>Defendants waived all objections to the RFP. *See supra* § I(A)(1). Further, the documents sought are relevant to Plaintiffs' allegations that Defendants misrepresented the nature of Defendants' products and services, *see, e.g.*, Compl. ¶¶ 114-120 and Counts 1, 2, 6-9, 11-17. |

| | | |
|---|---|---|
| **RFP No. 20:** All Documents reflecting Consumer complaints or disputes Concerning any Nexus Products and/or Services and all responses to such complaints or disputes. | "Defendants will produce relevant, non-privileged documents called for by this Request within 70 days of this response." | Plaintiffs seek production of Capsule files in response to this request. Plaintiffs also seek production of all responsive ESI using Plaintiffs' proposed search terms and custodians. *See supra* § I(A)(2). Defendants never proposed search terms or custodians on this request, and Plaintiffs have asked that search terms be run to respond to this request. Defendants have not produced any documents.<br><br>Capsule files are responsive to this request. Plaintiffs believe that Capsule contains a file for each consumer who received products and services from Defendants. *See supra* § I(A)(1). |
| **RFP No. 21:** All Documents and Communications Concerning quality assurance or quality control reviews, audits, or assessments undertaken by the Company or any Person Concerning the Nexus Immigration Bond Service or the Nexus Immigration Legal Services, including "QA Reports" or any similar Communications. | "Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response." | Plaintiffs seek production of all responsive ESI using Plaintiffs' proposed search terms and existing mutually agreed custodians for the reasons stated for RFP No. 4 above. |
| **RFP No. 22:** All Documents and Communications Concerning the supervision or auditing of employees or agents of the Company who | "Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response." | Plaintiffs seek production of all responsive ESI using Plaintiffs' proposed search terms and existing |

| | | |
|---|---|---|
| communicated with or interacted with Consumers. | | mutually agreed custodians for the reasons stated for RFP No. 4 above. |
| **RFP No. 24:** All Documents (including both transcripts and any related videos), in unredacted form, reflecting or containing testimony by any of the Defendants, or any former or current Company employee or agent in any investigation, lawsuit or arbitration to which the any of the Defendants was a party Concerning Libre by Nexus, Inc., Nexus Services, Inc., the Individual Defendants, or any Nexus Product and/or Service, including all exhibits and any videos or recordings of such testimony.  The response to this Document Request shall include the following:<br>• From *Vasquez v. Libre by Nexus, Inc.*, Case No. 4:17-cv-00755-CW (N.D. Cal.):<br>   ○ Deposition of David See<br>• From *RLI Ins. Co. v. Nexus Services, Inc.*, No. Case 5:18-cv-00066-MFU-JCH (W.D. Va.):<br>   ○ Deposition of Richard Moore (both parts)<br>   ○ Deposition of Tim Okonski<br>   ○ Deposition of Micheal Donovan | "Defendants will produce relevant, non-privileged documents called for by this Request within 70 days of this response." | Defendants asserted no objections and stated that responsive documents would be produced by December 7, 2021. Defendants have not produced any documents.<br><br>Plaintiffs seek production of all responsive documents. *See supra* § I(A)(5). |

| | | |
|---|---|---|
| ○ Deposition of Micheal Donovan under Federal Rule of Civil Procedure 30(b)(6)<br>○ Deposition of Erik Schneider<br>○ Deposition of Erik Schneider and Tim Okonski under Federal Rule of Civil Procedure 30(b)(6) | | |
| **RFP No. 25:** All Documents Concerning any governmental or regulatory licenses sought or held by the Company. | "Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response." | Defendants asserted no objections and stated that responsive documents would be produced by November 16, 2021. Defendants have not produced any documents.<br><br>Plaintiffs seek production of all responsive documents. *See supra* § I(A)(5). |
| **RFP No. 26:** Documents and Communications sufficient to show the substantive and temporal scope of all litigation holds and/or document preservation policies and procedures implemented by the Company to preserve Documents and information, including those taken in response to this Action or in response to any of the Plaintiffs' Subpoenas or Civil Investigative Demands. | "The information sought by this Request is not relevant to any of Plaintiffs' claims in this Action, and also seeks documents that constitutes attorney-work product, attorney-client communications and information related to actions taken at the direction of counsel. This Request therefore seeks information wholly outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1)." | Defendants waived their objection to this RFP. *See supra* § I(A)(1). Further, Defendants' response to Plaintiff New York's First Set of Interrogatories raised concerns that Defendants may not have satisfied their duty to preserve discoverable material. Therefore, Plaintiffs seek production of all responsive documents. *See supra* § I(A)(4). |

| RFP No. 28: All Documents showing any Defendants' insurance coverage, including insurance policies, umbrella coverage, excess liability coverage, directors and officers coverage, errors and omissions coverage, funding agreements, side agreements, and notices sent by any Defendant to any insurer Concerning this Action, Plaintiffs' investigations, or other investigations or lawsuits and their responses. | "Defendants will produce relevant, non-privileged documents called for by this Request within 49 days of this response." | Defendants asserted no objections and stated that responsive documents would be produced by November 16, 2021. Defendants have not produced any documents.<br><br>Plaintiffs seek production of all responsive documents. *See supra* § I(A)(5). |

**Individual Defendants' RFPs**

| Requests for Production: | Defendants' Response/Objection: | Plaintiffs' Position: |
|---|---|---|
| RFP No. 3: Documents sufficient to show the following:<br>   a.  every position, office, role, or title that You have held with Nexus, Libre, Nexus-Affiliated Entities, or with any Entity Concerning immigration bonds or immigration legal services; | "The information sought by this Request is wholly irrelevant to Plaintiffs' claims in this case, and is therefore outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1)." | Plaintiffs seek production of all responsive documents pertaining to Defendants Nexus Services or Libre by Nexus.[10]<br><br>Defendants waived their objection to this RFP. *See supra* § I(A)(1). Further, the documents sought are relevant to |

---

[10] Plaintiffs are not currently seeking to compel production of documents concerning the Individual Defendants' positions, offices, roles, or titles with "Nexus-Affiliated Entities, or with any Entity Concerning immigration bonds or immigration legal services." The question of whether information related to the Nexus-Affiliated Entities is relevant to this action is currently pending before the Court in connection with *Defendants' Motion to Quash Third Party Subpoenas*. ECF No. 67. Plaintiffs expect that if the Court rules in its favor on this issue, Defendants will additionally produce all documents pertaining to the Nexus-Affiliated Entities. *See Plaintiffs' Opposition to Defendants' Supplemental Brief and Motion to Quash or for Protective Order as to Plaintiffs' Third-Party Subpoenas*. ECF No. 100 at 5 (explaining that the Nexus-Affiliated Entities is relevant because they "are either owned or controlled by one or more Defendants or closely associated with Nexus" and that Defendants have a record of attempting to conceal their relationships with these entities).

| | | |
|---|---|---|
| b.  the dates during which You held each such position, office, role, or title;<br>c.  the responsibilities that You had in each such position, office, role or title; and<br>d.  Your compensation for each such position, office, role or title. | | Plaintiffs' allegations that the Individual Defendants owned and controlled the Entity Defendants, *see* Compl. ¶¶ 6, 121-37, and 141; and to the Individual Defendants' resulting liability on Counts 1-10 and 12-17.<br><br>Documents concerning compensation and other financial information is additionally relevant to the remedies available to Plaintiffs on Counts 1-10 and 12-17. *See supra* § I(A)(3). |
| **RFP No. 5:** All contracts or agreements (whether written or oral) between You and any of the other Defendants Concerning the following:<br>   a.  Libre, Nexus, or Nexus-Affiliated Entities;<br>   b.  any Nexus Product and/or Service; or<br>   c.  any monies or assets related thereto. | "The information sought by this Request is wholly irrelevant to Plaintiffs' claims in this case, and is therefore outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1)." | Plaintiffs seek production of all responsive documents pertaining to Defendants Nexus Services, Libre by Nexus, and any Nexus Product for the reasons stated for Ind. Def. RFP No. 3. above. |
| **RFP No. 6:** Documents sufficient to show payment, compensation, or any other transfers of property, assets, or monies, from any Defendant to You; the assumption, guarantee, or payment of any liability by any Defendant on Your behalf; or Your assumption, guarantee, or payment of any liability of any other Defendant. | "The information sought by this Request is wholly irrelevant to Plaintiffs' claims in this case, and is therefore outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1)." | Plaintiffs seek production of all responsive documents for the reasons stated for Ind. Def. RFP No. 3. |

| **RFP No. 8:** Documents and Communications sufficient to show Your financial condition from January 1, 2016 to the present, including bank accounts which You own, have signing rights to, or are the beneficiary of; records reflecting income; and tax returns (if the information in tax returns is not available in other Documents). | "The information sought by this Request is wholly irrelevant to Plaintiffs' claims in this case, and is therefore outside the scope of permissible discovery under Federal Rule of Civil Procedure 26(b)(1)." | Plaintiffs seek all responsive documents for the reasons stated for Ind. Def. RFP No. 3. |

## II. Defendants' Position

As discussed on page 3, *supra*, Defendants did not submit a statement.

Dated: May 4, 2022

Respectfully submitted,

*Attorneys for the Consumer Financial Protection Bureau*

Eric Halperin
    *Enforcement Director*
Cara M. Petersen
    *Principal Deputy Enforcement Director*
Kara K. Miller
    *Assistant Litigation Deputy*

**Hai Binh T. Nguyen**
California Bar Number: 313503
Donald R. Gordon
District of Columbia Bar Number: 482384
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Nguyen): (202) 435-7251
Telephone (Gordon): (212) 328-7011
Email: haibinh.nguyen@cfpb.gov
Email: donald.gordon@cfpb.gov

*Attorneys for the Commonwealth of Virginia, ex rel.*
    *Jason S. Miyares, Attorney General*

Jason S. Miyares
    *Attorney General*
Charles H. Slemp, III
    *Chief Deputy Attorney General*
Steven G. Popps
    *Deputy Attorney General*
Richard S. Schweiker, Jr.
    *Chief and Senior Assistant Attorney General*

**James E. Scott**
Assistant Attorney General
Virginia Bar Number: 88882
David B. Irvin

Virginia Bar Number: 23927
Unit Manager and Senior Assistant Attorney General
Office of the Attorney General
Consumer Protection Section
202 North Ninth Street
Richmond, VA 23219
Telephone (Irvin): (804) 786-4047
Telephone (Scott): (804) 225-4778
Fax: (804) 786-0122
Email: dirvin@oag.state.va.us
Email: jscott@oag.state.va.us


*Attorneys for the Commonwealth of Massachusetts*

Maura Healy
    *Attorney General*

**Jon Burke**
Massachusetts Bar Number: 673472
Assistant Attorney General
Office of the Attorney General
10 Mechanic Street
Worcester, MA 01608
Telephone: (774) 214-4416
Fax: (508) 795-1991
Email: Jonathan.burke@mass.gov


*Attorneys for the People of the State of New York*

LETITIA JAMES
    *Attorney General*

Jane Azia (New York Bar Number: 1539600)
    *Bureau Chief for the Bureau of Consumer Frauds and
    Protection*
Laura Levine (New York Bar Number: 2337368)
    *Deputy Bureau Chief for the Bureau of Consumer
    Frauds and Protection*

**Joseph P. Mueller**
New York Bar Number: 5079389
Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, NY 10005

Telephone: (212) 416-8321
Fax: (212) 416-6003
Email: Joseph.Mueller@ag.ny.gov

## Plaintiffs' Rule 37 Certification

I hereby certify that Plaintiffs have in good faith conferred with Defendants in an effort to obtain, without court action, discovery and compliance with Plaintiffs' First Requests for the Production of Documents and Electronically Stored Information directed to each of the Defendants.

**Hai Binh T. Nguyen**
California Bar Number: 313503
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-7251
Email: haibinh.nguyen@cfpb.gov

**Certificate of Service**

I certify that on May 4, 2022, I filed a true and correct copy of the foregoing

Motion for Entry of Default using the CM/ECF filing system, which notifies Defendants

electronically by email to all attorneys of record.

> **Hai Binh T. Nguyen**
> California Bar Number: 313503
> Consumer Financial Protection Bureau
> 1700 G Street, NW
> Washington, DC 20552
> Telephone: (202) 435-7251
> Email: haibinh.nguyen@cfpb.gov