IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al.,<br>    Plaintiffs,<br>v.<br><br>NEXUS SERVICES, INC., et al.,<br>    Defendants. | Civil Action No. 5:21-cv-00016<br><br><br>ORDER FOR DEFENDANTS TO<br>PROVIDE OR PERMIT DISCOVERY<br><br>By:   Joel C. Hoppe<br>        United States Magistrate Judge |

In February 2021, Plaintiffs filed a seventeen-count complaint alleging that Defendants Nexus Services, Inc. and Libre by Nexus, Inc. (the "Entity Defendants") and Micheal Donovan, Richard Moore, and Evan Ajin (the "Individual Defendants") violated the Consumer Financial Protection Act, 12 U.S.C. §§ 5552, 5564, and similar state laws in administering immigration bonds for indigent consumers facing deportation. *See* Compl. 1–3, 6–47, ECF No. 1. The matter is before the Court on a dispute over Defendants' responses to Plaintiffs' First Set of Requests for Production of Documents ("RFP"). Pls.' Statement, ECF No. 115; Defs.' Resp., ECF No. 120; *see* Order of Sept. 29, 2021, ECF No. 81.

On June 6, 2022, the Court held a hearing at which counsel for the parties fully addressed Plaintiffs' discovery requests and Defendants' objections thereto. For the reasons stated on the record during the hearing, it is hereby ORDERED:

1. Paragraph 6.2(j) of the Stipulated Protective Order entered on August 6, 2021, is MODIFIED to read:

> <u>Disclosure of CONFIDENTIAL Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to: . . . a federal or state agency by any Plaintiff where the disclosure is required ~~or permitted~~ by statute or regulation.

1

Stip. Prot. Order ¶ 6.2(j) (strike through supplied), ECF No. 51, at 9, 11.[1]

2. Within **seven (7) days** from the date of this Order, the Entity Defendants shall provide Plaintiffs with the name and contact information for the individual or company who recorded or transcribed each deposition listed in **RFP No. 24**. To the extent they have not done so, the Entity Defendants must identify and produce complete copies of any such recordings or transcripts, including deposition exhibits, within the Defendants' possession, custody, or control. *See* Fed. R. Civ. P. 34(a)–(b).

3. Within **fourteen (14) days** from the date of this Order, Defendants shall file a Notice indicating that Defendants have retained an ESI discovery vendor and providing a good faith estimate of how much time the vendor needs to run the agreed-upon searches and return the results to Defendants' counsel for their initial review. *See* Stip. ESI Order ¶ III(B), ECF No. 50, at 4. This estimate should allow the parties enough time to finish discovery on the current case schedule. *See* Order of Apr. 18, 2022, ECF No. 113.

4. Defendants are DIRECTED to use Plaintiffs' proposed search terms and the parties' agreed-upon list of custodians to identify and collect any ESI, other than that stored in Capsule, Lightspeed, or similar database, responsive to **RFP Nos. 4, 6, 7, 9, 11, 13, 14, 15, 17, 20, 21, and/or 22**. *See* Stip. ESI Order ¶ III(A)–(C). The Court rejects Defendants' proposal that each

---

[1] Nothing in the Stipulated Protective Order, either as drafted or as modified, shall be construed to require a Plaintiff to notify this Court or any Defendant before disclosing a Non-Party's confidential information to a federal or state agency "where the disclosure is required by statute or regulation," Stip. Prot. Order ¶ 6.2(j). *See id.* ¶ 8(b)–(c) (contemplating "that a Party [may be] required, by a valid discovery request, to produce a Non-Party's confidential information within its possession" during this litigation, establishing a procedure through which the Receiving Party "shall promptly notify in writing the Requesting Party and Non-Party that some or all of the information requested is subject to a confidentiality agreement with the Non-Party" and the Non-Party may "object or seek a protective order from this court within 14 days of receiving the notice and accompanying information," and providing that "the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request" if the Non-Party fails to timely object or seek a protective order); *cf.* Mem. Op. & Order of May 19, 2022, at 15–16 (concluding that Defendants did "not demonstrate[] standing to challenge any of Plaintiffs' [third-party] subpoenas to the extent they [sought] information related to" non-party individuals and entities).

custodian be permitted to manually search every location where such ESI might be stored. *See* Fed. R. Civ. P. 1; Stip. ESI Order ¶ III(B).

5. Within **twenty-one (21) days** from the date of this Order, the Entity Defendants are DIRECTED to export and produce to Plaintiffs complete, unredacted electronic versions of all Capsule, Lightspeed, and other database files or records responsive to **RFP Nos. 5, 8, 10, 11, 13, 14, 17,** and/or **20**. *See* Fed. R. Civ. P. 34(a)–(b). The Court rejects Defendants' proposal that they instead be permitted to produce a "random sample" of relevant materials in response to those Requests. *See* Fed. R. Civ. P. 26(b)(1).

6. Within **twenty-one (21) days** from the date of this Order, the Entity Defendants shall produce any documents responsive to **RFP No. 16** that have not been produced by the CPA in response to Plaintiffs' third-party subpoena duces tecum or by Defendants in response to any Plaintiff's prior request(s).

7. Within **twenty-one (21) days** from the date of this Order, the Entity Defendants shall respond to **RFP Nos. 16, 24, 25,** and **28**, and affirmatively indicate whether Defendants have produced all responsive documents within their possession, custody, or control after a reasonable effort to locate such documents. *See* Fed. R. Civ. P. 26(g)(1)(B), 34(b)(2), 37(a)(4).

8. The Individual Defendants' relevancy objections to **RFP Nos. 3, 5, 6,** and **8** are OVERRULED. *See* Mem. Op. & Order of May 19, 2022, at 2–3.

9. Within **twenty-one (21) days** from the date of this Order, the Individual Defendants shall produce any documents or information that (a) is responsive to **RFP Nos. 3, 5, 6** and/or **8**; and (b) has not been produced either by the Entity Defendants or a by third party in response to Plaintiffs' discovery requests served in this civil action. At the hearing, Plaintiffs represented that Defendants have access to all documents produced in response to third-party subpoenas. The

Individual Defendants are in the best position to determine if there are additional responsive documents within their possession, custody, or control. Fed. R. Civ. P. 26(b)(1)–(2), 34(a)(1).

10. The Entity Defendants' relevancy and privilege objections to **RFP No. 26** are SUSTAINED without prejudice to Plaintiffs' ability to renew the Request if appropriate. *See* Fed. R. Civ. P. 26(b)(2), 37(e)(1)–(2); *Proa v. NRT Mid-Atl., Inc.*, Civ. No. AMD-05-2157, 2008 WL 11363286, at *27 (D. Md. June 20, 2008).

11. Plaintiffs' request for attorney's fees is DENIED without prejudice as premature. *See* Fed. R. Civ. P. 37; Order of Sept. 29, 2021, at 1–2. A Defendant's failure to obey this Order may require the Court to award Plaintiffs their reasonable expenses, including attorney's fees, caused by the failure and will provide a basis for the Court to impose appropriate sanctions. Fed. R. Civ. P. 37(b)(2).

**IT IS SO ORDERED.**

ENTER: June 8, 2022

Joel C. Hoppe
U.S. Magistrate Judge