IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU; COMMONWEALTH OF MASSACHUSETTS; THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York; and COMMONWEALTH OF VIRGINIA, *EX REL*. JASON S. MIYARES, ATTORNEY GENERAL,<br><br>    Plaintiffs,<br><br>v.<br><br>NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., MICHEAL DONOVAN, RICHARD MOORE, and EVAN AJIN,<br><br>    Defendants. | Case No. 5:21-cv-00016-EKD-JCH |

**<u>Opposition to Motions for Leave to Withdraw</u>**

Plaintiffs, the Consumer Financial Protection Bureau, the Commonwealth of Massachusetts, the State of New York, and the Commonwealth of Virginia ("Plaintiffs"), by counsel, oppose the Motions for Leave to Withdraw filed by Defendants' counsel of record, Adam Bowser, J.H. Jennifer Lee, and David G. Bayles, ECF Nos. 134, 135, and 136 (together, the "Motions to Withdraw" or the "Motions"). The Motions are factually and legally insufficient and will further delay this litigation, unfairly prejudicing the Plaintiffs.

In support of their opposition to the Motions, Plaintiffs state as follows.

1. On June 23, 2022, Defendants' current and only counsel of record, Adam Bowser, J.H. Jennifer Lee, and David G. Bayles, filed their Motions to Withdraw. ECF Nos. 134, 135, and 136.

2. Each of the Motions to Withdraw is substantively identical.

3. The Motions to Withdraw seek an order "permitting [counsel] to *immediately* withdraw as counsel of record." *Id.* at 2 (emphasis added).

4. The only basis offered in support of the Motions to Withdraw is the unsworn statement that "counsel is unable to continue to represent the Defendants in this matter due to irreconcilable differences." *Id.* ¶ 1.

5. The Motions to Withdraw state that Defendants "have agreed to secure substitute counsel," *id.* ¶ 3, and that "Defendants . . . represent that substitute counsel will promptly enter an appearance," *id.* ¶ 5.

6. But the Motions to Withdraw do not identify substitute counsel. And substitute counsel has not yet appeared.

7. The Motions to Withdraw make no statements regarding the impact that immediate withdrawal would have on this action. Notably, the Motions fail to represent that withdrawal would not negatively impact the current case schedule or Defendants' discovery obligations—including those set forth in the Court's recent Order for Defendants to Provide or Permit Discovery (June 8, 2022), ECF No. 129.

8. This is not the first time that Defendants have sought to substitute counsel in this action. Nearly a year ago, previous counsel for Defendants sought leave to immediately withdraw. Mots for Lv. to Withdraw (June 21, 2021), ECF Nos. 39 & 40; Renewed Mot. for Lv. to Withdraw as Counsel of Record (July 14, 2021), ECF No. 47 (together, the "2021 Motions"). The 2021 Motions closely resembled the current

Motions to Withdraw, alleging irreconcilable differences and making representations that substitute counsel would appear. After substitute counsel did not appear as represented, however, Defendants' then-counsel admitted to the Court that Defendants had failed to follow through on those assurances. *See* Renewed Mot. for Lv. to Withdraw as Counsel of Record ¶¶ 2-3 (July 14, 2021), ECF No. 47 (admitting that despite having been "assured that substitute counsel would enter an appearance following the hearing on the Motion to Dismiss, . . . to date, no appearance by substitute counsel has been entered").

9. Plaintiffs opposed the 2021 Motions. *See* Opp'ns to Mots. to Withdraw (July 2, 2021), ECF Nos. 45 & 46; Opp'n to Renewed Mot. to Withdraw (July 16, 2021), ECF No. 48.

10. During argument on the 2021 Motions, Defendants' current counsel acknowledged that they would not immediately be able to provide legal counsel to Defendants upon transition and would need to get up to speed on both the facts and the law. *See* Tr. of Status Conference at 37:18-21 (Sept. 23, 2021), ECF No. 86 ("[I]t is critical that we be allowed to read the documents in the case before we are expected reasonably to be able to counsel our clients on the legal issues and the factual issues in the case.").

11. Before permitting the substitution of counsel in 2021, the Court—to resolve what it described as "infighting with regard to counsel for the same clients," *id.* at 40:13-14, and to minimize delay from that infighting—required that Defendants' initial counsel first certify that they had transferred records to Defendants' new counsel before permitting them to withdraw.

3

12. The Court further explained that it had not initially granted the 2021 Motions at least in part because new counsel had not appeared. *Id.* at 40:24-41:1 (explaining that it is the Court's "general practice" to have "new counsel on board . . . before I release counsel").

13. Local Rule 6(i) provides that "[n]o attorney of record shall withdraw from any cause pending in this Court, except with the consent of the Court for good cause shown." W.D. Va. Gen. R. 6(i); *see also United States v. Johnson*, 114 F.3d 435, 442 (4th Cir. 1997) (providing that leave to withdraw as counsel may be granted in the discretion of the court).

14. Factors relevant to the existence of "good cause" under Rule 6(i) include (1) whether withdrawal is permitted by the Virginia Rules of Professional Conduct; (2) whether withdrawal would have a "disruptive impact" on the litigation; and (3) whether the attorney waived the ability to withdraw by failing to make a timely request. *Sines v. Kessler*, No. 3:17-cv-00072, 2020 U.S. Dist. LEXIS 231918, at *17-18 (W.D. Va. May 28, 2020) (internal quotation marks omitted). And, absent a showing of "*compelling grounds* for withdrawal, a motion to withdraw normally should be denied." *Schock v. S.C. Johnson & Sons, Inc.*, No. 6:06-cv-020, 2007 U.S. Dist. LEXIS 56725, at *4 (W.D. Va. Aug. 2, 2007) (emphasis added).

15. Defendants' counsel have not established good cause under Rule 6(i), and there are no compelling grounds for withdrawal here.

16. With respect to the first factor, counsel have not identified any basis for mandatory withdrawal under Rule 1.16(a) of the Virginia Rules of Professional Conduct. *Compare* Va. Rules of Prof'l Conduct R. 1.16(a)(1)-(3), *with* Mots. to Withdraw ¶ 1, ECF

4

Nos. 134-36 (identifying "irreconcilable differences" as the sole basis for seeking withdrawal).

17. Counsel may seek permissive withdrawal but only if they satisfy at least one of the six separate subparts to Rule 1.16(b) of the Virginia Rules of Professional Conduct. Va. Rules of Prof'l Conduct R. 1.16(b)(1)-(6). Counsel's threadbare reliance on "irreconcilable differences" is insufficient and fails to explain how withdrawal would be permitted under any of those six subparts. *See In re God's Mercy, LLC*, 285 F.Supp.3d 904, 907-08 (E.D. Va. 2018) (denying motion to withdraw where "Counsel's sole factual proffer is that 'irreconcilable differences and conflict' exist").

18. With respect to the second and third factors, the procedural history of this litigation demonstrates that Defendants' counsel's untimely withdrawal request will further delay and have a disruptive impact on this case. Indeed, Plaintiffs will be prejudiced by the withdrawal of Defendants' counsel, especially at this juncture.

19. Defendants are already in violation of their discovery obligations, as recognized by the Court's Order for Defendants to Provide or Permit Discovery (June 8, 2022), ECF No. 129. Plaintiffs had to seek that Order because Defendants failed to provide virtually any discovery, which had caused and continues to cause substantial delay. In the Order, the Court directed Defendants to comply with several discovery obligations in an appropriately succinct period.[1]

---

[1] The Court's June 8, 2022 Order set the following deadlines:
- By June 15, 2022, "the Entity Defendants shall provide Plaintiffs with the name and contact information for the individual or company who recorded or transcribed each deposition listed in RFP No. 24. To the extent they have not done so, the Entity Defendants must identify and produce complete copies of any such recordings or transcripts, including deposition exhibits, within the Defendants' possession, custody, or control." Order ¶ 2, ECF No. 129.
- By June 22, 2022, "Defendants shall file a Notice indicating that Defendants have retained an ESI discovery vendor and providing a good faith estimate of how much time the vendor needs to run the agreed-upon searches and return the results to Defendants' counsel for their initial review." *Id.* ¶ 3.

20.     Granting the Motions to Withdraw now—just as Defendants' deadlines under the June 8 discovery Order are passing—would be particularly inappropriate and prejudicial to Plaintiffs.

21.     Defendants should not be permitted to use a second series of Motions to Withdraw—or any onboarding of new counsel—to further delay this case or avoid complying with either the directives in the Court's June 8 Order or their other discovery obligations. *See United States v. Miles*, No. 2:18-cr-56, 2019 U.S. Dist. LEXIS 146829, at *5 (E.D. Va. Aug. 28, 2019) (noting that "[t]he Fourth Circuit has recognized that motions to substitute counsel cannot be used to manipulate or delay proceedings" and that "a district court has an interest in keeping its docket moving").

22.     For the foregoing reasons, Plaintiffs respectfully request that the Motions to Withdraw be denied.

---

- By June 29, 2022, (1) "the Entity Defendants are DIRECTED to export and produce to Plaintiffs complete, unredacted electronic versions of all Capsule, Lightspeed, and other database files or records responsive to RFP Nos. 5, 8, 10, 11, 13, 14, 17, and/or 20." *Id.* ¶ 5. (2) "[T]he Entity Defendants shall produce any documents responsive to RFP No. 16 that have not been produced by the CPA in response to Plaintiffs' third-party subpoena duces tecum or by Defendants in response to any Plaintiff's prior request(s)." *Id.* ¶ 6. (3) "[T]he Entity Defendants shall respond to RFP Nos. 16, 24, 25, and 28, and affirmatively indicate whether Defendants have produced all responsive documents within their possession, custody, or control after a reasonable effort to locate such documents." *Id.* ¶ 7. And (4) "the Individual Defendants shall produce any documents or information that (a) is responsive to RFP Nos. 3, 5, 6 and/or 8; and (b) has not been produced either by the Entity Defendants or a by third party in response to Plaintiffs' discovery requests served in this civil action." *Id.* ¶ 8.

Dated: June 30, 2022

Respectfully submitted,

*Attorneys for the Consumer Financial Protection Bureau*

Eric Halperin
    *Enforcement Director*
Cara M. Petersen
    *Principal Deputy Enforcement Director*
Kara K. Miller
    *Assistant Litigation Deputy*

**Leanne E. Hartmann**
California Bar Number: 264787
Hai Binh T. Nguyen
California Bar Number: 313503
Donald R. Gordon
District of Columbia Bar Number: 482384
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Hartmann): (415) 844-9787
Telephone (Nguyen): (202) 435-7251
Telephone (Gordon): (212) 328-7011
Email: leanne.hartmann@cfpb.gov
Email: haibinh.nguyen@cfpb.gov
Email: donald.gordon@cfpb.gov

*Attorneys for the Commonwealth of Virginia, ex rel.*
   *Jason S. Miyares, Attorney General*

Jason S. Miyares
   *Attorney General*
Charles H. Slemp, III
   *Chief Deputy Attorney General*
Steven G. Popps
   *Deputy Attorney General*
Richard S. Schweiker, Jr.
   *Chief and Senior Assistant Attorney General*

**James E. Scott**
Assistant Attorney General
Virginia Bar Number: 88882
David B. Irvin
Virginia Bar Number: 23927
Unit Manager and Senior Assistant Attorney General
Office of the Attorney General
Consumer Protection Section
202 North Ninth Street
Richmond, VA 23219
Telephone (Irvin): (804) 786-4047
Telephone (Scott): (804) 225-4778
Fax: (804) 786-0122
Email: dirvin@oag.state.va.us
Email: jscott@oag.state.va.us


*Attorneys for the Commonwealth of Massachusetts*

Maura Healy
   *Attorney General*

**Jon Burke**
Massachusetts Bar Number: 673472
Assistant Attorney General
Office of the Attorney General
10 Mechanic Street
Worcester, MA 01608
Telephone: (774) 214-4416
Fax: (508) 795-1991
Email: Jonathan.burke@mass.gov

*Attorneys for the People of the State of New York*

LETITIA JAMES
   *Attorney General*

Jane Azia (New York Bar Number: 1539600)
   *Bureau Chief for the Bureau of Consumer Frauds and Protection*
Laura Levine (New York Bar Number: 2337368)
   *Deputy Bureau Chief for the Bureau of Consumer Frauds and Protection*

**Joseph P. Mueller**
New York Bar Number: 5079389
Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8321
Fax: (212) 416-6003
Email: joseph.mueller@ag.ny.gov

## CERTIFICATE OF SERVICE

I certify that on June 30, 2022, I filed the foregoing Opposition to Motions for Leave to Withdraw with the Court using the CM/ECF filing system, which notifies all attorneys of record of the filing by e-mail.

                                  **Joseph P. Mueller**
                                  New York Bar Number: 5079389
                                  Assistant Attorney General
                                  Office of the New York Attorney General
                                  28 Liberty Street
                                  New York, NY 10005
                                  Telephone: (212) 416-8321
                                  Fax: (212) 416-6003
                                  Email: joseph.mueller@ag.ny.gov