IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU; COMMONWEALTH OF MASSACHUSETTS; THE PEOPLE OF THE STATE OF NEW YORK, by LETITIA JAMES, Attorney General of the State of New York; and COMMONWEALTH OF VIRGINIA, *EX REL.* MARK R. HERRING, ATTORNEY GENERAL,<br><br>    Plaintiffs,<br><br>    v.<br><br>NEXUS SERVICES, INC.; LIBRE BY NEXUS, INC.; MICHEAL DONOVAN; RICHARD MOORE; and EVAN AJIN,<br><br>    Defendants. | Case No.: 5:21-cv-00016-EKD |

**REPLY IN SUPPORT OF
MOTIONS FOR LEAVE TO WITHDRAW**

Counsel for Defendants Nexus Services, Inc., Libre by Nexus, Inc., Micheal Donovan, Richard Moore, and Evan Ajin, (collectively, "Nexus" or "Defendants"), hereby file this Reply in support of their Motions for Leave to Withdraw. ECF Nos. 134-136.

Plaintiffs' Opposition effectively amounts to a thinly veiled complaint that counsel for Defendants did not sufficiently throw their clients under the bus in a public filing to support their Motions. Opp. at 4-5. Simply put, however, Rule 1.16 of the Virginia Rules of Professional Conduct – Declining or Terminating Representation – does not require counsel to explain their grounds for withdrawing. In fact, Rule 1.16 counsels against it. And Rule 1.6 – Confidentiality

of Information – expressly prohibits counsel from revealing information that is privileged, "gained in the professional relationship," or "which would be embarrassing or would be likely determinantal to the client … ."  Va. Rules of Prof'l Conduct R. 1.6(a).

The drafters of the Rules of Professional Conduct understood that Plaintiffs' apparent view – that an attorney should air dirty laundry in a public filing or forfeit the ability to withdraw – would create an untenable conflict for attorneys between their right to withdraw from representation and their duty of confidentiality to their (still current) clients.  Indeed, the drafters anticipated and explained that:

> [t]he court may wish an explanation for the withdrawal, while the **lawyer may be bound to keep confidential** the facts that would constitute such an explanation. The lawyer's statement that **professional considerations require termination** of the representation ordinarily **should be accepted as sufficient**.

Va. Rules of Prof'l Conduct R. 1.16, Comment 3 (emphasis added).

Counsel for Nexus therefore followed the Rules of Professional Conduct by stating simply that "irreconcilable differences" are making it untenable for counsel to continue representing the Defendants in this matter.[1]  This explanation should be sufficient for granting the present Motions.  And indeed, it has been sufficient for Virginia federal courts that understand the constraints imposed on withdrawing attorneys by the Rules of Professional Conduct.  *See Muritala v. Commonwealth of Virginia*, No. 3:07CV408, 2007 WL 9808303, at *1 (E.D. Va. Nov. 19, 2007) (accepting statement that

---

[1] In addition, undersigned counsel also noted that, *if* the Court deems necessary, counsel will do their "best to supplement the matters and reasons for requesting leave to withdraw, **subject to the duty of confidentiality under Rule 1.6**." Mot. at 2 (emphasis added).  To be clear, this should not be necessary because the Court should ordinarily allow counsel to withdraw based solely on representations that professional considerations such as irreconcilable differences require termination of the representation.  And there is nothing here that takes counsel's request to withdraw outside of the ordinary.

"[i]rreconcilable differences between Plaintiff and Counsel arose" as sufficient grounds for permitting attorney's withdrawal).

Thus, as Plaintiffs concede, "'good cause' exists under Rule 6(i) [if] withdrawal is permitted by the Virginia Rules of Professional Conduct." Opp. at 4. As established above, withdrawal *is* permitted by the Virginia Rules of Professional Conduct here, and counsel scrupulously followed Rule 1.16. This alone should lead the Court to grant the Motions.

Further, Plaintiffs' suggestion that the Motions are somehow "untimely" should not be well taken. There are approximately **seven** months before trial in this case is currently scheduled to begin. Remarkably, Plaintiffs cite Fourth Circuit authority that discusses the *reversible error* that occurred when a trial court determined that **33 days** before trial was somehow untimely to move to withdraw. Opp. at 4 (citing *United States v. Johnson,* 114 F.3d 435, 443 (4th Cir. 1997) (citing *United States v. Mullen*, 32 F.3d 891, 896 (4th Cir. 1994) ("With all respect for the district court's commitment to the firm management of its docket, we believe that some delay in the trial could have been tolerated here.")). At bottom, there is ample time under the current case schedule for Defendants to onboard new counsel – as binding Fourth Circuit precedent clearly holds.[2]

Accordingly, Plaintiffs have not established any legitimate grounds for denying the Motions, and the Court should permit counsel for Defendants to immediately withdraw as counsel of record in this case.

---

[2] While there is no need to escalate this into a Constitutional issue given that the Motions are amply supported under Fourth Circuit precedent and the Virginia Rules of Professional Conduct, it should be noted that other courts have held that it amounts to "involuntary servitude" to require attorneys to continue representing clients from whom they seek to withdraw from representing. *Arabian Am. Oil Co. v. Scarfone*, 939 F.2d 1472, 1476 (11th Cir. 1991) (Court of Appeals upholding trial court's determination that "that it would be unconscionable to deny [counsel's] motion and that a failure to grant the same would amount to involuntary servitude.").

Dated: July 7, 2022                                        Respectfully submitted,

                                                           ARENTFOX SCHIFF LLP

                                                           By:   /s/ Adam Bowser
                                                           Adam Bowser (Bar No. 76523)
                                                           1717 K Street, NW
                                                           Washington, DC  20006-5344
                                                           Tel:  202-857-6221
                                                           Fax:  202-857-6395
                                                           *Attorney for Nexus Services, Inc.; Libre by Nexus, Inc.; Micheal Donovan; Richard Moore; and Evan Ajin*

4