IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., MICHEAL DONOVAN, RICHARD MOORE, and EVAN AJIN,<br><br>    Defendants. | Case No.:  5:21-cv-00016-EKD-JCH |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY
DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT, TO IMPOSE
DISCOVERY SANCTIONS, AND FOR CERTIFICATION UNDER 28 U.S.C. §
636(e)(6)(B)(iii)**

To redress Defendants' failures to comply with their discovery obligations, on June 8, 2022, the Court issued an Order compelling Defendants to produce documents and other information (the Discovery Order).[1] In the Discovery Order, the Court warned Defendants that their "failure to obey this Order may require the Court to award Plaintiffs their reasonable expenses . . . and will provide a basis for the Court to impose appropriate sanctions."[2] Defendants ignored that warning and violated the Discovery Order. Defendants should be held in civil contempt of court, and ordered to pay daily fines, as a sanction for the violation of the Discovery Order.[3]

---

[1] *See* ECF No. 129.
[2] *Id.* ¶ 11.
[3] Fed. R. Civ. P. 37(b)(2)(A)(vii).

Plaintiffs therefore request that, under 28 U.S.C. § 636(e)(6)(B)(iii), the presiding magistrate judge issue an order (1) finding that Defendants' failure to obey the Discovery Order should be treated as civil contempt of court; (2) requiring Defendants to appear for a hearing before the Court to show cause why they should not be adjudged in contempt by reason of the certified facts; and (3) recommending that Defendants be fined $5,000 per day until they fully comply with the Discovery Order. Plaintiffs also request an award of reasonable costs, including attorneys' fees.[4]

## FACTS

The facts supporting Plaintiffs' motion are set out in Plaintiffs' Statement Detailing and Itemizing Discovery Dispute,[5] the Discovery Order, and the attached Declaration of James E. Scott. Briefly summarized, the Discovery Order compelled the Entity Defendants and Individual Defendants[6] to produce by certain dates categories of documents and other information responsive to discovery requests and critical to Plaintiffs' ability to prepare their case. Defendants have failed to comply with the Order, including as follows.

***Database Files***: The Court ordered the Entity Defendants to "export and produce to Plaintiffs complete, unredacted electronic versions of all Capsule, Lightspeed, and other database files responsive to RFP Nos. 5, 8, 10, 11, 13, 14, 17 and/or 20" by June 29, 2022.[7] Defendants failed to produce *any* database files.[8]

---

[4] Fed. R. Civ. P. 37(a)(5) and 37(b)(2)(C).
[5] ECF No. 115.
[6] As defined in the Discovery Order, the "Entity Defendants" are Nexus Services, Inc. and Libre by Nexus, Inc. And the "Individual Defendants" are Micheal Donovan, Richard Moore, and Evan Ajin. ECF No. 129 at 1.
[7] *See* Discovery Order ¶ 5. Importantly, Defendants do not contest that Capsule, Lightspeed, and other database files are responsive to these RFPs. *See e.g.* Hr'g Tr. 33:24-25, 34:1-4, 34:21-22, June 6, 2022, ECF No. 131 (Court: "The Capsule and Light Speed . . . what I'm hearing from each one of you, is that really the information it's – it is relevant to the claims and defenses in this case . . . I do think that providing an export of these systems to the plaintiff, it's responsive to their request.").
[8] *See* Scott Decl. ¶ 3.

2

*Electronically Stored Information*: The Court ordered the Entity Defendants to file a Notice by June 22, 2022, confirming that they had retained a discovery vendor and providing an estimate of the time required for the vendor to run an initial search for responsive ESI.[9] The Court instructed Defendants that their proposed timeline "should allow the parties enough time to finish discovery on the current case schedule."[10] Defendants neither retained a vendor nor provided a timeline adhering to the Court's requirements. Instead, Defendants filed a notice[11] in which they stated only that they "ha[d] begun the onboarding process" with a vendor and estimated that it would take the vendor four to six weeks *after onboarding is complete* to conduct an initial search for ESI. Defendants' notice did not indicate when the onboarding process would be complete and the four-to-six-week period would begin. The current case schedule requires the parties to complete depositions by September 1, 2022, and to finish discovery by October 27, 2022. On their proposed timeline, Defendants may not have started—and certainly will not have completed—production of ESI by these dates.[12]

*Deposition Transcripts:* The Court ordered the Entity Defendants to "identify and produce" by June 15, 2022, the recordings, transcripts, and exhibits listed in RFP No. 24 that were in Defendants' possession, custody, or control.[13] In response, Defendants represented to Plaintiffs that they had never ordered—and did not have possession, custody, or control of—any

---

[9] *See* Discovery Order ¶¶ 3-4.
[10] *Id.*
[11] ECF No. 133.
[12] On June 28, Defendants' counsel confirmed to Plaintiffs' counsel that the "onboarding process" identified in Defendants' Notice, ECF No. 133, was still ongoing. *See* Scott Decl. ¶ 10. Given this continuing delay, it is unlikely that Defendants will begin their initial review of ESI until mid-August, at the earliest. Plaintiffs will not begin to receive production of ESI until some unknown date thereafter. On July 3, Plaintiffs asked Defendants to provide an estimate for the dates on which they expected to begin and complete production of ESI. Defendants have not provided this information. Scott Decl. ¶ 11.
[13] Discovery Order ¶ 2; *see also id.* ¶ 7 (requiring Defendants to conduct a "reasonable search" for documents responsive to RFP No. 24).

of the recordings, transcripts, or exhibits.[14] This representation was false. In other litigation pending before this Court and in the Northern District of California, Defendants' counsel have filed partial copies of several transcripts listed in RFP No. 24.[15] Because Defendants failed to produce responsive documents, Plaintiffs have attempted to acquire them from the relevant court reporters.[16] But, to date, Defendants have refused to provide the consent requested by these companies to release the transcripts, causing further delay.[17]

***Documents Concerning the Individual Defendants' Financial Condition***: The Court ordered the Individual Defendants to produce documents by June 29, 2022, concerning their financial condition that are responsive to RFP No. 8 and had not previously been produced to Plaintiffs.[18] Defendants did not produce any such documents.[19]

Defendants' contention that Plaintiffs have already "received all of the financial records of the . . . individual defendants"[20] is inaccurate. Plaintiffs have received financial records in response to subpoenas issued to financial institutions utilized by the Entity Defendants (and related entities)[21] and to the Entity Defendants' corporate accountant.[22] These documents are

---

[14] Scott Decl. ¶ 4.
[15] *See RLI Ins. Co. v. Nexus Services, Inc.*, 5:18-cv-00066 (W.D. Va. Aug. 21, 2020), ECF No. 496 ("Defendants Notice of Filing Redacted Exhibits"); *Vasquez et al. v. Libre by Nexus et al.*, 4:17-cv-00755 (N.D. Cal. July 9, 2018), ECF No. 73 ("Reply in Support of Motion to Compel Arbitration by Defendant Libre by Nexus, Inc."); *see also U.S. ex rel. Lutz v. Berkely Heartlab, Inc.*, 2017 WL 1282012, at * 3 (D. S.C., Apr. 5, 2017) ("For discovery purposes, a party is generally considered to have possession and control over documents in the possession of its current or formal legal counsel."). After Plaintiffs notified Defendants of this fact, Defendants produced the David See deposition from the *Vasquez* litigation. *See* Scott Decl. ¶¶ 5, 6 and 8. Defendants have not produced any other transcripts. *Id.* ¶ 8.
[16] Scott Decl. ¶ 7.
[17] *Id.*
[18] *See* Discovery Order ¶ 9.
[19] Scott Decl. ¶ 12.
[20] Hr'g Tr. 56:22-24, June 6, 2022, ECF No. 131.
[21] The Individual Defendants held a limited number of accounts with these institutions in their capacity as principals for the Entity Defendants (and related entities). Plaintiffs have no knowledge of where the Individual Defendants conduct their private banking.
[22] Scott Decl. ¶ 13.

insufficient to provide a complete financial picture of the Individual Defendants, including their personal assets and wealth.

## ARGUMENT

Defendants should be held in civil contempt and sanctioned for violating the Discovery Order.[23] Defendants were warned that violating the Discovery Order would "provide a basis for the Court to impose appropriate sanctions" under Rule 37.[24] And contempt is the appropriate sanction in light of Defendants' persistent failure to comply with their discovery obligations.[25]

The Fourth Circuit "has developed a four-part test . . . to use when determining what sanctions to impose" under Rule 37.[26]

> The court must determine: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would . . . [be] effective

in securing compliance with the court's order.[27] Here, each factor weighs in favor of contempt as a sanction.[28]  There is also clearly sufficient evidence to establish the minimum elements of civil contempt, specifically: the Discovery Order was a valid decree in Plaintiffs' favor; Defendants had notice of the Order, as they were served through the CM/ECF system; Defendants violated the Order; and Plaintiffs were harmed as a result.[29] Defendants' bad-faith refusal to provide discovery has significantly prejudiced Plaintiffs and constitutes exactly the type of flagrantly

---

[23] *See* Fed. R. Civ. P. 37(b)(2)(A)(vii).
[24] Discovery Order ¶ 11.
[25] *See Nat'l Hockey League v. Met. Hockey Club, Inc.*, 427 U.S. 639, 641-42 (1976) (court should consider "the full record" in determining sanctions for failure to comply with discovery order).
[26] *Belk v. Charlotte-Mecklenburg Bd. Of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (cleaned up).
[27] *Id.*
[28] *See Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (setting out minimum requirements for civil contempt).
[29] *Id.*

contumacious behavior that must be severely sanctioned to deter improper challenges to the Court's authority.[30]

      A.      <u>Defendants' violation of the Discovery Order constitutes bad faith</u>.

Even considered in isolation, Defendants' willful refusal to comply with the Court's Discovery Order is "bad faith" misconduct that justifies the imposition of a severe discovery sanction.[31] But Defendants' failure to comply with the Order was not an isolated misstep. Rather, it was the continuation of a persistent course of conduct aimed at delaying and derailing the progression of this case to trial.[32] Defendants' ongoing refusal to produce database files is illustrative of the problem.

At the outset of this case, the parties negotiated and entered into a protective order to govern the disclosure of confidential and private information, including information obtained from non-parties such as consumers.[33] Defendants then, for more than ten months, refused to produce database files to Plaintiffs on the ground that the files might contain unspecified private consumer information.[34] (Defendants' posturing on this issue in this litigation is in direct conflict with the position that they have taken in their interactions with consumers, specifically: "Program participants have agreed that they do not have a privacy interest in the information

---

[30] *See, e.g., First Union Rail Corp. v. Springfield Terminal Ry. Co.*, 2009 WL 1469632, at *1, 3:08-cv-230 (W.D. N.C. May 20, 2009) (holding party in contempt where bad faith failure to comply with court order interfered with Plaintiffs' ability to prepare case for trial).

[31] *See Sines v. Kessler*, 2020 WL 7028710 at *14, 3:17-cv-00072 (W.D. Va. Nov. 30, 2020) (Hoppe, M.J.) ("*Sines I*") (willful disobedience of discovery order constitutes bad faith). While a finding of bad faith, or willful noncompliance, demonstrates the need for a severe sanction under Fed. R. Civ. P. 37, *see supra*, such a finding is not necessary to hold a party in contempt. *See McLean v. Cent. States, Se. & Sw. Areas Pension Fund*, 762 F.2d 1204, 1210 (4th Cir. 1985) ("Good faith alone does not immunize a party from a civil contempt sanction for non-compliance with a court order.").

[32] *See* ECF No. 115 ("Statement Detailing and Itemizing Discovery Dispute") at 2-4 (detailing Defendants' misconduct). *See also Young Again Products, Inc. v. Acord*, 459 Fed.Appx. 294, 302 (4th Cir. 2011) (finding bad faith where "the record reflects a pattern of noncompliance"); *First Union Rail Corp.*, 2009 WL 1469632, at *1 (holding that "consistent disregard of discovery deadlines . . . [and] disobedience of court orders" demonstrates bad faith and justifies holding party in contempt).

[33] ECF No. 51, *see also* Hr'g Tr. 29:25-30:9, June 6, 2022, ECF No. 131.

[34] *See* ECF No. 115 at 2-4.

they provide to Libre."[35]) At the discovery hearing held on June 6, 2022, the Court considered this objection, ruled that it was without merit, and ordered Defendants to produce the complete database files.[36] Defendants ignored the Discovery Order on this point. Exporting and producing the database files would be neither complicated nor burdensome,[37] Defendants simply refuse to do it. This is "patently contemptuous" conduct.[38]

        B.      <u>Defendants' ongoing misconduct continues to significantly prejudice Plaintiffs</u>.

Defendants' conduct has resulted in substantial prejudice to Plaintiffs. Defendants' delay tactics, disregard for Plaintiffs' proper discovery demands, and refusal to timely comply with the Discovery Order have interfered with the "just, speedy, and inexpensive" resolution of this matter.[39] Further, Defendants' refusal to produce critical documents—particularly the database files—has significantly hindered Plaintiffs' ability to prepare their case for trial.[40] The database files contain information that is material to Plaintiffs' claims, including claims that Defendants misled program participants, illegally collected fees, and failed to provide refunds to consumers.[41] Defendants' failure to produce the files is not only depriving Plaintiffs of material evidence, it is also hindering Plaintiffs' ability to identify witnesses.[42] This delay is particularly problematic here, as the immigrant consumers who are Defendants' clients are likely to become more difficult to locate and potentially even unavailable as time continues to pass.

---

[35] *See* librebynexus.com/common-questions/ (last visited on July 8, 2022).
[36] *See* Hr'g Tr. 35:1-4, June 6, 2022, ECF No. 131 ("It really is just time to . . . turn over these records and these programs by allowing . . . them to be exported and produced."); Discovery Order ¶ 5.
[37] *See* Hr'g Tr. 34:13-25, June 6, 2022, ECF No. 131.
[38] *First Union*, 2009 WL 1469632 at *3.
[39] *See Sines v. Kessler*, 2021 WL 1143291 at *10, 3:17-cv-00072 (W.D. Va., March 24, 2021) (Hoppe, M.J.) ("*Sines II*").
[40] *See Sines I*, 2020 WL 7028710 at *7 (showing of "harm and delay to [Plaintiffs'] ability to timely develop and present [their] case" supports sanction of contempt).
[41] *See* Hr'g Tr. 43:3-4 (the database files are Defendants' "living, breathing repository of all interactions with program participants") and 34:19 (database files include records of "consumer payments and refunds"), June 6, 2022, ECF No. 131.
[42] *See* Scott Decl. ¶ 3.

      C.      <u>Contempt is necessary to deter further misconduct</u>.

Defendants' continuous refusal to produce documents in violation of the Discovery Order, despite an explicit warning that non-compliance could result in the imposition of sanctions, presents an open challenge to this Court's authority.[43] Parties to litigation cannot refuse to provide discovery because "they do not want to"; cannot "pick and choose which discovery requests they will [and will not] respond to"; and must not be permitted to "ignore court orders directing them to provide . . . discovery" in the final instance.[44] Holding Defendants in contempt is an appropriate measure to do "justice in this case" and to deter other litigants who "might be tempted to similar conduct."[45]

      D.      <u>Contempt is the appropriate sanction under the circumstances</u>.

Holding Defendants in contempt and imposing daily fines are also necessary steps to secure compliance with the Discovery Order. Defendants' conduct in this case, and in other litigation before the Court, demonstrates that they will comply with orders—particularly discovery orders—only when forced to do so.[46]

There is no less severe sanction that would provide an adequate remedy for Defendants' misconduct under the circumstances. Of the sanctions available under Rule 37, "dismissing the action,"[47] is clearly inapposite; and "staying further proceedings until the order is obeyed,"[48]

---

[43] *First Union*, 2009 WL 1469632 at *3*; see also Nat'l Hockey League*, 427 U.S. at 641 (upholding sanction of dismissal where party engaged in "flagrant bad faith" by disregarding order to produce discovery "by a date certain . . . in the face of warnings that their failure to provide certain information could result in the imposition of sanctions under Fed. R. Civ. P. 37").

[44] *Sines II,* 2021 WL 1143291 at *9 (cleaned up).

[45] *Id.*

[46] *See RLI Ins. Co. v. Nexus Services, Inc.*, 5:18-cv-00066, Order for Nexus and the Entities to Show Cause, Dec. 16, 2021, ECF No. 761 (W.D. Va.) (discussing Defendants' pattern of misconduct) ("RLI Order"); *see also First Union,* 2009 WL 1469632 at *2 (sanction of contempt justified where record in current and prior litigation indicated that "defendants would . . . simply ignore [additional] court orders compelling disclosure").

[47] Fed R. Civ. P. 37(b)(2)(A)(v).

[48] Fed. R. Civ. P. 37(b)(2)(A)(iv).

would "give defendants precisely what they want, which is further delay."[49] The remaining options under Rule 37 include (1) contempt;[50] (2) evidentiary sanctions;[51] and (3) entry of a default judgment.[52] This Court has generally considered civil contempt to be the more flexible and less severe of these sanctions and has preferred to progress from contempt to evidentiary sanctions to default or dismissal.[53]

      E.      <u>Daily monetary fines are an appropriate sanction until Defendants comply with the Discovery Order</u>.

This Court's civil contempt power includes the authority to impose both fines and imprisonment where necessary to secure compliance with an order.[54] Here, the imposition of daily fines of $5,000.00 against each Defendant is likely sufficient to "get the[ir] attention" and secure compliance with the Discovery Order.[55] Defendants operate a multi-million-dollar business—anything less than a steep daily fine "would not even be a blip on their radar."[56]

The Individual Defendants should be fined for their failure to provide discovery in their individual capacities and because, as corporate officers, they are responsible for the Entity Defendants' violations of the Discovery Order. An order directed to a corporate defendant "is in effect a command to those who are officially responsible for the conduct of its affairs. If they . . .

---

[49] *First Union,* 2009 WL 1469632 at *3.
[50] Fed. R. Civ. P. 37(b)(2)(A)(vii).
[51] Fed. R. Civ. P. 37(b)(2)(A)(i)-(iii).
[52] Fed. R. Civ. P. 37(b)(2)(A)(vi).
[53] *See, e.g., Sines II,* 2021 WL 1143291 at *11 (granting motion for evidentiary sanctions where party had violated discovery order and had been held in civil contempt); *see also Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503-04 (4th Cir. 1977) (default and dismissal are the "most severe in the spectrum of sanctions provided by statute or rule").
[54] 18 U.S.C. § 401; *U.S. ex rel. Kanawah Coal Operators Ass'n v. Miller*, 540 F.2d 1213, 1214 at n. 1 (4th Cir. 1976) ("A fine and imprisonment for an indefinite term is permissible . . . for civil contempt.").
[55] *First Union,* 2009 WL 1469632 at * 4.
[56] *Id.*

prevent compliance or fail to take appropriate action within their power [to secure compliance] . . . they, no less than the corporation . . . may be punished for contempt."[57]

      F.    <u>Plaintiffs request that Magistrate Judge Hoppe certify facts demonstrating Defendants' contempt and recommend the imposition of daily fines</u>.

Where, as here, a magistrate judge presiding over discovery under 28 U.S.C. § 636(b),[58] is presented with conduct that constitutes civil contempt, "the magistrate shall forthwith certify facts to a judge of the district court" demonstrating the contemptuous conduct in question.[59] The magistrate may also recommend "that certain sanctions be imposed by the district court upon a finding of contempt."[60] The district court shall then conduct a summary contempt hearing using the certificate of facts as a "statement of *prima facie* case" showing contempt.[61]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion and, in so doing, require Defendants' compliance with this Court's Discovery Order.

Respectfully submitted,

    *Attorneys for the Consumer Financial Protection Bureau*

    Eric Halperin
       *Enforcement Director*
    Alusheyi J. Wheeler
       *Deputy Enforcement Director*
    Kara K. Miller
       *Assistant Litigation Deputy*

    **Leanne E. Hartmann**
    California Bar Number: 264787
    Hai Binh T. Nguyen
    California Bar Number: 313503

---

[57] *Wilson v. U.S.*, 221 U.S. 361, 376 (1911); *Colonial Williamsburg Found. v. Kittinger Co.*, 38 F.3d 133, 136-37 (4th Cir. 1994) (accord).
[58] *See* ECF No. 66 (referring discovery matters to Hoppe, M.J.).
[59] *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir. 1987) (cleaned up).
[60] RLI Order, 5:18-cv-00066 at *41, ECF 761 (cleaned up).
[61] *Proctor*, 830 F.2d at 521.

Donald R. Gordon
District of Columbia Bar Number: 482384
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Hartmann): (415) 844-9787
Telephone (Nguyen): (202) 435-7251
Telephone (Gordon): (212) 328-7011
Email: leanne.hartmann@cfpb.gov
Email: haibinh.nguyen@cfpb.gov
Email: donald.gordon@cfpb.gov


*Attorneys for the Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Jason S. Miyares
   *Attorney General*
Charles H. Slemp, III
   *Chief Deputy Attorney General*
Steven G. Popps
   *Deputy Attorney General*
Richard S. Schweiker, Jr.
   *Chief and Senior Assistant Attorney General*

**James E. Scott**
Assistant Attorney General
Virginia Bar Number: 88882
David B. Irvin
Virginia Bar Number: 23927
Unit Manager and Senior Assistant Attorney General
Office of the Attorney General
Consumer Protection Section
202 North Ninth Street
Richmond, VA 23219
Telephone (Irvin): (804) 786-4047
Telephone (Scott): (804) 225-4778
Fax: (804) 786-0122
Email: dirvin@oag.state.va.us
Email: jscott@oag.state.va.us


*Attorneys for the Commonwealth of Massachusetts*

Maura Healy
   *Attorney General*

**Jon Burke**
Massachusetts Bar Number: 673472
Assistant Attorney General
Office of the Attorney General
10 Mechanic Street
Worcester, MA 01608
Telephone: (774) 214-4416
Fax: (508) 795-1991
Email: Jonathan.burke@mass.gov


*Attorneys for the People of the State of New York*

LETITIA JAMES
    *Attorney General*

Jane Azia (New York Bar Number: 1539600)
    *Bureau Chief for the Bureau of Consumer Frauds and Protection*
Laura Levine (New York Bar Number: 2337368)
    *Deputy Bureau Chief for the Bureau of Consumer Frauds and Protection*

**Joseph P. Mueller**
New York Bar Number: 5079389
Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8321
Fax: (212) 416-6003
Email: joseph.mueller@ag.ny.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 19, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record for the parties.

                                        /s/ James E. Scott
                                          James E. Scott