IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., MICHEAL DONOVAN, RICHARD MOORE, and EVAN AJIN, <br><br> Defendants. | Case No.: 5:21-cv-00016-EKD-JCH |

**DECLARATION OF JAMES E. SCOTT IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT, TO IMPOSE DISCOVERY SANCTIONS, AND FOR CERTIFICATION UNDER 28 U.S.C. § 636(e)(6)(B)(iii)**

I, James E. Scott, hereby declare as follows:

1. I am counsel of record for the Commonwealth of Virginia, *ex rel*. Jason S. Miyares, Attorney General (the "Commonwealth"), one of the Plaintiffs in this action. I am competent to make this declaration. The facts set forth in this declaration are based on my personal knowledge or information made known to me during the course of my official duties.

2. On June 8, 2022, this Court entered its *Order for Defendants to Provide or Permit Discovery* (the "Discovery Order"), ECF No. 129.

3. Paragraph 5 of the Discovery Order directed Defendants to "produce to Plaintiffs complete, unredacted electronic versions of all Capsule, Lightspeed, and other database files or records responsive to RFP Nos. 5, 8, 10, 11, 13, 14, 17, and/or 20." Discovery Order ¶ 5. As of the date of the filing of this Declaration, Defendants have not produced any of the database files

as directed by the Discovery Order. Defendants' repeated refusal to produce these database files has harmed, and continues to harm, Plaintiffs' ability to identify witnesses and to prosecute their case.

4. Paragraph 2 of the Discovery order directed Defendants Nexus Services, Inc. and Libre by Nexus, Inc. (the "Entity Defendants") to "identify and produce complete copies of any such recordings or transcripts, including deposition exhibits, within the Defendants' possession, custody, or control." *Id.* ¶ 2. On June 15, 2022, counsel for Defendants emailed counsel for Plaintiffs, stating, "As directed by Magistrate Judge Hoppe, I write to confirm again that Defendants did not order any of the deposition transcripts identified in RFP 24." A true and correct copy of this email is attached as Exhibit 1.

5. Following receipt of counsel's June 15, 2022 email, Plaintiffs discovered that Defendant Libre by Nexus, Inc. filed excerpts of at least one of the transcripts covered by ¶ 2 of the Discovery Order—the 30(b)(6) deposition of David See, corporate representative for Libre by Nexus, Inc. *See* Reply in Support of Mot. to Compel Arbitration by Def. Libre by Nexus, Inc., ECF No. 73, Ex. A, *Vasquez et al. v. Libre by Nexus et al.*, No. 4:17-cv-755 (N.D. Cal. July 9, 2018).

6. In an email dated June 17, 2022, Plaintiffs questioned "how it could be possible that Defendants' current or former attorneys do not possess or have access to copies of transcripts and exhibits that were part of recent or ongoing litigation" and cited the excerpts of the David See deposition as an example of where Defendants did not produce a transcript covered by ¶ 2 of the Discovery Order. A true and correct copy of this email and its attachment are collectively attached as Exhibit 2.

7.	Because counsel for the Defendants represented that Defendants did not have in their possession, custody, or control any of the deposition transcripts covered by ¶ 2 of the Discovery Order, on June 24, 2022, Plaintiffs also emailed counsel for the Defendants to request Defendants' consent to Plaintiffs obtaining transcripts from a third-party court reporting agency. A true and correct copy of this email is attached as Exhibit 3.  In an email response dated June 29, 2022, counsel for the Defendants raised "potential confidentiality issues" as a reason for denying Plaintiffs' requested consent.  A true and correct copy of this email is attached as Exhibit 4.  In an email dated June 29, 2022, Plaintiffs responded that they believe this Court already rejected "hypothetical concerns that program participants may have protected information in the transcripts" as a basis for withholding transcripts or, by extension, for withholding consent for Plaintiffs to obtain such transcripts.  A true and correct copy of this email is attached as Exhibit 5.  As of the date of the filing of this Declaration, Defendants have not provided consent for Plaintiffs to obtain any of the transcripts covered by ¶ 2 of the Discovery Order.

8.	On June 30, 2022, Defendants produced the David See deposition transcript and exhibits from the *Vasquez* litigation.  Defendants have not produced any other transcripts covered by ¶ 2 of the Discovery Order.

9.	Paragraph 3 of the Discovery Order directed Defendants to "file a Notice indicating that Defendants have retained an ESI discovery vendor and providing a good faith estimate of how much time the vendor needs to run the agreed-upon searches and return the results to Defendants' counsel for their initial review" and further ordered that the "estimate should allow the parties enough time to finish discovery on the current case schedule."  Discovery Order ¶ 3.

10.	On June 23, 2022, Plaintiffs emailed counsel for Defendants seeking confirmation, among other things, that Defendants retained an ESI discovery vendor within the meaning of ¶ 3

of the Discovery Order. A true and correct copy of this email is attached as Exhibit 6. In a response, on June 28, 2022, counsel for Defendants stated that the "vendor is now in the process of running a credit check" and that, once the credit check "cleared on the vendor's end, the vendor will send its MSA over to the Defendants for execution." A true and correct copy of this email is attached as Exhibit 7. As of the date of the filing of this Declaration, Defendants have not confirmed that they retained an ESI discovery vendor.

11. On June 23, 2022, Plaintiffs also requested confirmation of the estimated dates when Defendants would begin and complete production of ESI. *See* Ex. 6. As of the date of the filing of this Declaration, Defendants have not provided any estimated dates.

12. Paragraph 9 of the Discovery Order directed Defendants Michael Donovan, Richard Moore, and Evan Ajin (the "Individual Defendants") to "produce any documents or information that (a) is responsive to RFP Nos. 3, 5, 6 and/or 8; and (b) has not been produced either by the Entity Defendants or a by third party in response to Plaintiffs' discovery requests served in this civil action." Discovery Order ¶ 9.[1] As of the date of the filing of this Declaration, the Individual Defendants have not produced any documents or information in connection with ¶ 9 of the Discovery Order that would be responsive to Request for Production No. 8.

13. To be clear, Plaintiffs issued Rule 45 subpoenas *duces tecum* to various financial institutions seeking documents and information concerning the financial condition of the Defendants. *See, e.g.*, Opp. to Defs' Supp. Brief and Mot. to Quash or for Prot. Or. as to Pls' Third-Party Subpoenas, ECF No. 100, at p. 1 ("Plaintiffs have issued 41 third-party subpoenas in this matter in an effort to diligently pursue discovery about Defendants' financial condition . . . .).

---

[1] Request for Production No. 8 sought documents and communications "sufficient to show Your financial condition from January 1, 2016 to the present, including bank accounts which You own, have signing rights to, or are the beneficiary of; records reflecting income; and tax returns (if the information in tax returns is not available in other Documents)."

4

But the responses to these subpoenas do not include documents sufficient to show the Individual Defendants' financial condition. For example, based upon Plaintiffs' review to date, the Rule 45 subpoena responses do not include all of the Individual Defendants' personal banking records, tax returns, or other documents sufficient to show their personal income, assets, and wealth from January 1, 2016 to the present.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2022                /s/ James E. Scott
                                     James E. Scott
                                     Attorney for Plaintiff
                                     Commonwealth of Virginia, *ex rel*.
                                     Jason S. Miyares, Attorney General