IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., MICHEAL DONOVAN, RICHARD MOORE, and EVAN AJIN, <br><br> Defendants. | Case No.:  5:21-cv-00016-EKD-JCH |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR AN ORDER TO SHOW CAUSE, FOR DISCOVERY SANCTIONS, AND FOR
CERTIFICATION UNDER 28 U.S.C. § 636(e)(6)(B)(iii)**

Defendants' conduct has repeatedly fallen short of their obligations—and their promises—to comply with discovery demands and with this Court's orders. In their opposition to Plaintiffs' Motion for Sanctions,[1] Defendants admit that they have not produced documents and information required by this Court's June 8, 2022, Order (the "Discovery Order")[2] and fail to demonstrate any defense to excuse this failure. And despite Defendants' assurances to the Court that they would resolve the outstanding discovery issues within two weeks when they requested an extension of time to respond to Plaintiffs' motion, Defendants made no productions in those two weeks.[3] Instead, Defendants' opposition makes unsupported and inaccurate assertions about

---

[1] ECF No. 139.
[2] ECF No. 129.
[3] *See* Supplemental Declaration of James E. Scott ("Supp'l Scott Decl."), filed herewith, ¶ 2.

the state of their production and promises that Defendants will provide discovery in the future—"where feasible."[4] This is insufficient, and the Court therefore should grant Plaintiffs' motion.

### I.   Plaintiffs have presented sufficient evidence to hold Defendants in contempt.

Plaintiffs have presented the Court with sufficient "evidence to establish a prima facie case of contempt."[5] Defendants make no serious attempt to contest this point. Defendants concede that the Discovery Order is a valid decree and that they have failed to produce the documents and information required by the Discovery Order. And Defendants suggest that they will continue their non-compliance with the Discovery Order for months and thereby prevent Plaintiffs from moving this case forward for the foreseeable future.[6] To provide just a single example: as of today's date, Defendants have yet to produce any ESI discovery,[7] and Defendants' opposition does not provide a timeline for when Defendants might begin—much less complete—production of ESI.

### II.   Defendants have not demonstrated any valid defense for their continuing failure to comply with the Discovery Order.

Defendants have failed to carry their burden of establishing a defense to excuse their continuing failure to comply with the Discovery Order.[8] Defendants' opposition contains only thin excuses for their violation of the Discovery Order, paired with representations from counsel

---

[4] Defs.' Opp. at 4.
[5] Order on Mot. for Sanctions, *RLI Ins. Co. v. Nexus Services, Inc.*, No. 5:18-cv-66, ECF No. 761 (W.D. Va. Dec. 16, 2021); *see also* Pls.' Mem., ECF No. 140, at 5 (discussing requirements for civil contempt).
[6] For example, the information in Defendants' opposition suggests that, absent additional intervention by this Court, Defendants will continue to delay production of ESI and database files, most likely continuing into 2023. *See* Defs.' Opp. at 5 (indicating that Defendants will not begin the process of exporting Capsule files until November or December 2022). Importantly, the current trial date remains January 30, 2023, so Defendants' plan would leave Plaintiffs without any meaningful opportunity to prepare for trial.
[7] Supp'l Scott Decl., ¶ 3.
[8] After a plaintiff moving for contempt establishes a prima facie case, "the burden shifts to the defendant to show good faith in making all reasonable efforts to comply with the enforcement order." *CFPB v. Klopp*, 957 F.3d 454, 462 (4th Cir. 2020) (cleaned up). Such "good faith" efforts are absent here.

that Defendants will produce documents in the future. But in addition to being incorrect, Defendants' factual assertions are not supported by any affidavit, declaration, or other evidentiary material, and therefore should be disregarded by this Court.[9]

*Database files*: The Discovery Order required Defendants to produce relevant database files by June 29, 2022.[10] Defendants' opposition identifies several databases that contain relevant files: Netsuite, Quickbooks, American Spirit, Five-9, Lightspeed, and Capsule. Defendants did not produce documents from any of these databases prior to June 29.[11]

Defendants have provided no explanation for their failure to timely produce documents from Netsuite, Quickbooks, American Spirit, or Five-9, and have not produced any documents from those databases to date.[12]

For Lightspeed and Capsule, Defendants assert that the databases are so large that they were unable to identify a feasible way to export and produce them during the "limited amount of time" between entry of the Court's Discovery Order and the June 29 deadline.[13] Even accepting these unsupported claims as true, they do not make out a valid defense. Plaintiffs served their requests seeking Lightspeed and Capsule records in June 2021, so Defendants have had more than a year to prepare to produce the databases.[14] If Defendants failed even to consider *how* to produce the databases until after they were ordered to provide discovery, they have no one to blame but themselves. And they cannot now attempt to repackage their delay as a defense.[15]

---

[9] *See, e.g., Agee v. Kiser*, 2019 U.S. Dist. LEXIS 43330, at *23 (W.D. Va. 2019) (refusing to credit "unsupported allegations made in . . . [an] unsworn legal brief"); *Erway v. T.S.A.*, 2020 U.S. Dist. LEXIS 202959, at *13 (E.D. N.C. 2020) ("an attorney's unsworn statement [in a legal brief] does not constitute evidence of anything").
[10] Discovery Order ¶ 5.
[11] Supp'l Scott Decl., ¶ 4.
[12] *Id.*
[13] Defs.' Opp. at 4.
[14] Supp'l Scott Decl., ¶ 5.
[15] *See, e.g., U.S. v. Darwin Const. Co., Inc.*, 873 F.2d 750, 755 (4th Cir. 1989) (holding that parties' "inadequate preparation for producing documents" may provide grounds for contempt).

Moreover, Defendants' explanation for the delay in producing Lightspeed records does not add up. Defendants claim that it takes one to two days for them to export each month of Lightspeed records.[16] But even assuming that Defendants waited until entry of the Discovery Order to begin to export records and that each month of data requires a full two days to export, Defendants should now have produced over three years' worth of data. Instead, Defendants have made a single, limited production of fewer than two years of Lightspeed records on July 29.[17] And the July 29 production appears to consist of records that were compiled *months if not years ago* in connection with other litigation.[18] For example, the first page of the December 2021 Lightspeed records produced by Defendants bears a date and timestamp indicating that it was exported on January 3, 2022.[19]

Defendants' claims concerning Capsule fare no better. Defendants assert that their production of Capsule files has been delayed because the platform does not allow them to export "complete" consumer files—meaning "a CSV file" for each consumer together with associated "notes . . . and attachments."[20] But Defendants have been able to produce exactly this type of "complete" file[21] in connection with other litigation.[22] Defendants also contend that there is no feasible way for them to "export the [Capsule] database in its entirety."[23] This claim is

---

[16] Defs.' Opp. at 4.
[17] Despite Defendants' repeated assurances that they will produce Lightspeed records on a rolling basis, they have not produced any records since July 29. Supp'l Scott Decl., ¶ 6.
[18] Beginning in October 2020, Defendant Nexus Services, Inc. was required to make Lightspeed records available to RLI Insurance Co. ("RLI"). *See* Mem. Op. at 25, ECF No. 584, *RLI Ins. Co. v. Nexus Services, Inc.*, No. 5:18-cv-66 (W.D. Va. Oct. 23, 2020). On May 18, 2021, counsel for RLI informed the Court that Nexus made a "limited production" of Lightspeed data. May 21, 2021 Status Report, ECF. 662-4 at 10, *id*. Thus, Defendants were exporting Lightspeed data before they even received Plaintiffs' RFPs.
[19] Supp'l Scott Decl., ¶ 7, Exhibit A.
[20] Defs.' Opp. at 5.
[21] Because Defendants have not provided sufficient information, Plaintiffs do not concede that this type of production would be "complete" or comply with the Discovery Order.
[22] 2d Rep. of Special Master at 4-5, ECF No. 693, *RLI Ins. Co. v. Nexus Services, Inc.*, 5:18-cv-66 (W.D. Va. July 14, 2021) (reporting that Defendants had produced "Capsule data" in excel format together with all associated "tags, notes, and attachments"). Again, Defendants were exporting Capsule data before they received Plaintiffs' RFPs.
[23] Defs.' Opp. at 5.

inconsistent with publicly available information from Capsule indicating that their platform includes functionality to "export . . . data for . . . transferring to another system."[24]

***Documents concerning the Individual Defendants' Financial Condition***: The Discovery Order required the Individual Defendants to produce certain financial documents by June 29, 2022.[25] Defendants concede that they have possession of responsive documents but have not yet produced them.[26] Defendants' only explanation for this failure is that they have to "review large amounts of financial data" to identify the responsive documents that have not already been produced to Plaintiffs,[27] presumably from third parties in response to Plaintiffs' third-party subpoenas.

This is neither accurate nor a defense. Although Defendants provide no specifics, the "large amounts of financial data" seem to consist of documents concerning the Entity Defendants' finances, which Plaintiffs subpoenaed from third parties in 2021 and produced to Defendants months ago.[28] Defendants have had more than enough time to review those records and identify any additional responsive documents before the Court entered the Discovery Order.[29] If Defendants chose not to do so, they have only themselves to blame, and they cannot point to the continuing delay they have caused as a defense.[30] In any event, Plaintiffs' use of third-party subpoenas to conduct discovery does not obviate Defendants' discovery obligations.

---

[24] https://capsulecrm.com/features/#section-connectivity (last visited Aug. 23, 2022).
[25] Discovery Order ¶ 9.
[26] Defs.' Opp. at 6.
[27] *Id*. at 4.
[28] Supp'l Scott Decl., ¶ 8.
[29] In addition to the opportunity, Defendants had a basic obligation to participate in discovery by identifying and producing responsive documents before the Court entered its Discovery Order. *See Sines v. Kessler*, 2021 WL 1143291, at * 9 (W.D. Va. Mar. 25, 2021) ("Ordinary defendants must participate in the ordinary process of litigation.") (cleaned up).
[30] *Darwin Const.*, 873 F.2d at 755.

Perhaps most importantly, the documents produced by third parties in response to subpoenas do not contain records demonstrating the Individual Defendants' personal finances, and Defendants have still not produced that information.

***Depositions and Transcripts:*** The Discovery Order required Defendants to produce certain transcripts, and related documents, by June 15, 2022.[31] Defendants did not produce any documents by this deadline and have continued to refuse to produce transcripts filed by their counsel in connection with the *RLI* litigation.[32]

Defendants do not contest that they have custody over documents in the possession of their attorneys from the *RLI* litigation or that they have a corresponding obligation to produce those documents.[33] Instead, Defendants assert that they made "all reasonable steps to obtain" copies of the documents from counsel, but have been unsuccessful.[34] According to the information contained in Defendants' opposition, they have not even taken the basic step of requesting copies of the transcripts from all attorneys that were representing them at the time the relevant depositions were taken.[35]

**ESI Discovery:** The Discovery Order required Defendants, by June 22, 2022, to retain a discovery vendor and to propose a schedule for ESI review that would permit the parties to

---

[31] Discovery Order ¶ 2.
[32] Pls' Mem. at 4.
[33] *Id*. at n.15.
[34] Defs.' Opp. at 2-3.
[35] Defendants have been represented by multiple attorneys both in connection with this case and the *RLI* litigation. Defendants' opposition suggests that they requested copies of the transcripts from only one set of attorneys, Mario Williams and John Shoreman.  Defs.' Opp. at 2.  Defendant Nexus Services, Inc. was also represented (or is currently represented) by the following law firms or solo practitioners in connection with the *RLI* litigation: McGuireWoods LLP (terminated October 30, 2018); Eckert Seamans Cherin & Mellott LLC (terminated April 9, 2020); McNutt Law Firm PLLC (active); Christopher K. Kowalczuk, Attorney at Law (terminated September 16, 2020); Christopher Michael Okay, Attorney at Law (active); Gorby Peters & Associates, LLC (terminated May 13, 2020); and The Stanley Law Group (terminated April 9, 2020).  Indeed, attorneys from Eckert Seamans Cherin & Mellott LLC appear to have been counsel of record for Defendant Nexus Services, Inc. in the *RLI* litigation during five of the six depositions for which Plaintiffs sought transcripts—i.e., during February and March 2020.  *See* Decl. of James E. Scott, ECF No. 141-5, at p. 4.

complete discovery by the deadlines set in the case schedule.[36] Nearly two months after the deadline passed, Defendants finally claim to have "executed an agreement" with an ESI vendor, but they again fail to provide any information about when the vendor will begin (or complete) its initial search for responsive ESI.[37] Regardless, it is clear at this point that, due to Defendants' extensive delays, it will not be possible for the parties to complete discovery according to the case schedule.[38]

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion and, in so doing, require Defendants' compliance with this Court's Discovery Order or face daily sanctions.

*Attorneys for the Consumer Financial Protection Bureau*

Eric Halperin
   *Enforcement Director*
Alusheyi J. Wheeler
   *Deputy Enforcement Director*
Kara K. Miller
   *Assistant Litigation Deputy*

**Leanne E. Hartmann**
California Bar Number: 264787
Hai Binh T. Nguyen
California Bar Number: 313503
Donald R. Gordon
District of Columbia Bar Number: 482384
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Hartmann): (415) 844-9787

---

[36] Discovery Order ¶ 3.
[37] Defs.' Opp. at 3-4.
[38] For example, the existing case schedule requires the parties to complete depositions by September 1, 2022 and document discovery by October 1, 2022. *See* Order, ECF No. 113. Defendants' opposition nonetheless suggests that document production likely will continue well into 2023.

Telephone (Nguyen): (202) 435-7251
Telephone (Gordon): (212) 328-7011
Email: leanne.hartmann@cfpb.gov
Email: haibinh.nguyen@cfpb.gov
Email: donald.gordon@cfpb.gov


*Attorneys for the Commonwealth of Virginia, ex rel. Jason S. Miyares, Attorney General*

Jason S. Miyares
   *Attorney General*
Charles H. Slemp, III
   *Chief Deputy Attorney General*
Steven G. Popps
   *Deputy Attorney General*
Richard S. Schweiker, Jr.
   *Chief and Senior Assistant Attorney General*

**James E. Scott**
Assistant Attorney General
Virginia Bar Number: 88882
David B. Irvin
Virginia Bar Number: 23927
Unit Manager and Senior Assistant Attorney General
Office of the Attorney General
Consumer Protection Section
202 North Ninth Street
Richmond, VA 23219
Telephone (Irvin): (804) 786-4047
Telephone (Scott): (804) 225-4778
Fax: (804) 786-0122
Email: dirvin@oag.state.va.us
Email: jscott@oag.state.va.us


*Attorneys for the Commonwealth of Massachusetts*

Maura Healy
   *Attorney General*

**Jon Burke**
Massachusetts Bar Number: 673472
Assistant Attorney General
Office of the Attorney General
10 Mechanic Street

8

Worcester, MA 01608
Telephone: (774) 214-4416
Fax: (508) 795-1991
Email: Jonathan.burke@mass.gov


*Attorneys for the People of the State of New York*

LETITIA JAMES
   *Attorney General*

Jane Azia (New York Bar Number: 1539600)
   *Bureau Chief for the Bureau of Consumer Frauds and Protection*
Laura Levine (New York Bar Number: 2337368)
   *Deputy Bureau Chief for the Bureau of Consumer Frauds and Protection*

**Joseph P. Mueller**
New York Bar Number: 5079389
Assistant Attorney General
Office of the Attorney General
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8321
Fax: (212) 416-6003
Email: joseph.mueller@ag.ny.gov


### CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2022, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record for the parties.

                /s/ James E. Scott
                   James E. Scott