IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEXUS SERVICES, INC., LIBRE BY NEXUS, INC., MICHEAL DONOVAN, RICHARD MOORE, and EVAN AJIN, <br><br> Defendants. | Case No.: 5:21-cv-00016-EKD-JCH |

**THIRD SUPPLEMENTAL DECLARATION OF JAMES E. SCOTT IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CIVIL CONTEMPT, SANCTIONS, AND CERTIFICATION UNDER 28 U.S.C. § 636(e)(6)(B)(iii)**

I, James E. Scott, hereby declare as follows:

1. I am counsel of record for the Commonwealth of Virginia, *ex rel.* Jason S. Miyares, Attorney General (the "Commonwealth"), one of the Plaintiffs in this action. I am competent to make this declaration. The facts set forth in this declaration are based on my personal knowledge or information made known to me during the course of my official duties.

2. I submit this declaration in support of Plaintiffs' Motion for Sanctions (ECF No. 139). This declaration supplements and incorporates the prior declarations offered in support of Plaintiffs' motion (ECF Nos. 141, 157, and 166). Specifically, this declaration provides the Court with the status of developments relevant to Plaintiffs' motion that have transpired since the filing of my second supplemental declaration on September 26, 2022.

3. As of September 26, 2022, Defendants had not produced documents that they acknowledged were covered by this Court's Order for Defendants to Provide or Permit Discovery

("Discovery Order," June 8, 2022, ECF No. 129); conceded were in their possession as explained herein; and represented would be produced.[1]

4. Since September 26, 2022, Defendants made a single, incomplete production of bank statements.

5. Defendants remain out of compliance with the Discovery Order and their discovery obligations.

6. Defendants' failures continue to prevent Plaintiffs from identifying witnesses, preparing for and conducting depositions, and otherwise prosecuting their case.

7. Given the current status, Plaintiffs expect that a twelve (12) to eighteen (18) month extension of the scheduling order is necessary, barring additional delays.[2]

8. For the Court's convenience, Plaintiffs provide the following summary of the deficiencies with Defendants' productions to date.

*Database Files*

9. The Discovery Order required Defendants to produce complete, unredacted electronic versions of all database files responsive to Plaintiffs' Requests for Production ("RFPs") by June 29, 2022.[3] Defendants have acknowledged possession of at least six databases covered by the Discovery Order: Capsule, Lightspeed, NetSuite, Quickbooks, American Spirit, and Five-9.[4]

10. According to Defendants, each of the databases contains relevant, responsive consumer information. Attached as Exhibit 1 are true and accurate copies of (1) Defendants Nexus Services, Inc. and Libre by Nexus, Inc.'s Responses to the Commonwealth of Virginia's First Interrogatories and (2) Defendants Nexus Services, Inc. and Libre by Nexus, Inc.'s Responses to

---

[1] *See* Decl. of Adam D. Bowser, Sept. 26, 2022, ECF No. 167.
[2] *See* Pls.' Mot. for Sanctions 2, ECF No. 139 (requesting extension due to Defendants' failure to provide discovery).
[3] *See* Discovery Order ¶ 5.
[4] *See* Defs.' Opp'n to Mot. for Sanctions 3-5, ECF No. 153.

the People of the State of New York's First Set of Interrogatories, redacted to remove responses marked confidential by Defendants under the Stipulated Protective Order in this case (ECF No. 53). These interrogatory responses explain what information was contained in five of the six databases covered by the Discovery Order.

11. Defendants' Response to Virginia Interrogatory No. 4 identifies Capsule, Lightspeed, and American Spirit as three databases used to organize, maintain, or track consumer information and documentation.[5] Defendants' Response to New York Interrogatory No. 13 identifies Quickbooks and NetSuite (in addition to Capsule, Lightspeed, and American Spirit) as databases Defendants used to track or account for consumer payments.[6]

12. For the sixth database, Defendants have represented that Five-9 includes "audio files of call recordings" and "call log data[.]"[7]

13. Defendants failed to produce any database files by June 29, 2022.

14. To date, Defendants have not produced any files from four of the six databases— NetSuite, Quickbooks, American Spirit, and Five-9. Defendants previously represented to the Court that these files would be produced in September 2022.[8]

15. Defendants made a single production of Lightspeed files on July 29, 2022. The production included partial records for 2020 and 2021.[9] After this initial production, Defendants represented to the Court that they would produce additional files on a rolling basis at a rate of two productions a week.[10] Defendants have not made any additional productions.

---

[5] Ex 1. at pp. 4-5.
[6] *Id*. at p. 25.
[7] Defs.' Opp. to Mot. for Sanctions 6, Aug. 16, 2022, ECF No. 153.
[8] *See id.* at 5-6.
[9] *See* Supp. Decl. of James E. Scott ¶ 6, ECF No. 157.
[10] Defs.' Opp. to Mot. for Sanctions 4, Aug. 16, 2022, ECF No. 153.

16. On September 23, 2022, Defendants produced a hard drive that they represented contained "all Capsule database files currently available to Nexus responsive to Plaintiffs' discovery requests."[11]

17. Based upon Plaintiffs' review to date, the files Defendants produced appear to be incomplete as the following examples demonstrate.

18. Defendants' Capsule production is organized into files by program participant. Each file generally contains a ".csv" document into which Defendants have exported Capsule program notes and copies of other documents and material related to the participant.

19. Defendants have represented that the Capsule files—and particularly the program notes—contain a comprehensive and contemporaneous record of consumer interactions.[12] But the files Defendants produced are missing records concerning interactions that are central to Plaintiffs' case.[13]

20. For example, Plaintiffs have identified files in which the program notes memorialize that a consumer complained about being misled during the bond program enrollment process, or about debt collection activity, but records of the relevant interactions and communications are missing. In other files, the program notes refer to texts, emails, and other messages related to the enrollment process, debt collection activity, or consumer refunds, but the communications are not reproduced or included in the production.

---

[11] *See* Decl. of Evan Ajin ¶ 4, ECF No. 167, Ex. A.
[12] Hr'g Tr. 39:6-10, 42:2-6, June 6, 2022, ECF No. 131.
[13] Defendants designated the entire Capsule production as confidential under the Stipulated Protective Order. If it would be useful to the Court to see the Capsule records in connection with the examples below, Plaintiffs can provide examples under seal or in redacted form, depending on the Court's preference. *See* Stip. Prot. Order ¶ 11.3, ECF No. 53.

21. Plaintiffs have only been able to identify problems with Capsule files that contain internal inconsistencies, such as where the program notes refer to material that is not included in the production.

22. Plaintiffs cannot determine the full extent or cause of the problems with the Capsule production without, at a minimum, access to direct records of Defendants' interactions with consumers, including records which should be contained in the remaining database files covered by the Discovery Order (i.e., files from NetSuite, Quickbooks, Five-9, and Lightspeed), or the outstanding ESI production discussed below.

23. Because of Defendants' ongoing failure to produce these documents, Plaintiffs still do not have access to basic records and information concerning Defendants' consumer interactions.

*ESI Production*

24. The Discovery Order required Defendants to file a notice confirming that they retained a discovery vendor by June 22, 2022, and to provide a "good faith estimate" of the time the vendor needed to complete an initial search for ESI and return the results to Plaintiffs' counsel. The Court directed that this proposed schedule should "allow the parties enough time to finish discovery on the current case schedule."[14]

25. Defendants filed a notice on June 22, 2022, but failed to confirm that they had retained a vendor within the meaning of the Order.[15] Defendants did not report that they retained a vendor until August 16, 2022.[16]

---

[14] Discovery Order ¶ 3, ECF No. 129.
[15] *See* Notice Regarding Disc. Vendor, ECF No. 133.
[16] Defs.' Opp. to Mot. for Sanctions 3-4, ECF No. 153.

26. Defendants represented that the vendor would need approximately four to six weeks to conduct an initial search for ESI and return the results to Plaintiffs' counsel.[17]

27. The deadline for the parties to complete discovery under the existing Scheduling Order expired on October 1, 2022. Yet, to date, Defendants have not provided initial search term results; have not responded to Plaintiffs' repeated inquiries concerning the status of ESI discovery; and have not produced a single page of ESI discovery.

*Financial Records Concerning the Individual Defendants*

28. The Discovery Order required the Individual Defendants to produce certain financial records by June 29, 2022.[18] Defendants failed to produce any documents by June 29, 2022.

29. On October 5, 2022, the Individual Defendants made a partial production of records.[19] Based on Plaintiffs' review, the production includes monthly statements from a single credit union for an account held by Defendants Donovan and Moore from 2014 to 2017; and for an account held by Defendant Ajin from 2017 to 2021.

30. The Individual Defendants' partial production did not provide information sufficient to permit Plaintiffs to identify their financial condition as required by the Discovery Order. The production does not include up-to-date information; information concerning other accounts held by Defendants, including accounts that are identifiable through transfer activity in the produced statements; or information concerning other assets owned or controlled by Defendants, such as securities or real property.

---

[17] *See* Notice Regarding Disc. Vendor 2, ECF No. 133.
[18] *See* Discovery Order ¶ 9.
[19] The Individual Defendants designated this production as confidential under the Stip. Protective Order, ECF No. 53.

*Deposition Transcripts*

31. The Discovery Order required Defendants to produce certain deposition transcripts and related documents by June 15, 2022. Defendants initially denied that they had possession, custody, or control of any responsive documents.[20] Plaintiffs subsequently notified Defendants that their attorneys had filed (partial and redacted) copies of multiple, responsive depositions in the *RLI* and *Vasquez* litigation.[21] On June 30, 2022, Defendants produced a copy of one of these deposition transcripts.

32. Defendants have not produced copies of the other deposition transcripts; nor have they provided evidence that they have been unable to acquire copies despite reasonable efforts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2023          /s/ James E. Scott
                                                          James E. Scott
                                                          Attorney for Plaintiff
                                                          Commonwealth of Virginia, *ex rel.*
                                                          Jason S. Miyares, Attorney General

---

[20] *See* Decl. of James E. Scott ¶ 4, ECF No. 141.
[21] *Id.* ¶ 6.