IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, ET AL., | : |
| Plaintiffs | : |
| v. | : 5:21-cv-00016 |
| NEXUS SERVICES, INC. ET AL., | : |
| Defendants. | : |

CLERK'S OFFICE U.S. DISTRICT COURT
AT HARRISONBURG, VA
FILED

JUN 30 2023

LAURA A. AUSTIN, CLERK
BY: /s/
       DEPUTY CLERK

## MOTION OF DAVID B. BRIGGMAN FOR LIMITED PURPOSE INTERVENTION TO UNSEAL RECORD

Comes now, David B. Briggman (hereafter "Movant"), *pro se,* and pursuant to Local Rule 9(b)((4) requests this Court's leave to permissively intervene to seek *vacatur,* - in whole or in part - of the Court's Order of June 26, 2023 (ECF #217), which places under seal the both the unredacted Declaration of Patrick Callahan and Defendants' supplemental interrogatory responses (ECF 216) and proposed trial exhibits (ECF #218), While your Movant believes that this Court is most capable of the evaluation of ECF #216 and 218 to determine whether the continued sealing of these documents and exhibits is appropriate, however, should the Court decline to make such evaluation, your Movant would respectfully request that, given the Defendants' propensity to mark all of their document products as "confidential", this Court issue an Order to Show Cause that would require the Defendants to defend all claims of privilege for all such documents and exhibits covered by the Court's Order to Seal of June 26, 2023.

Further, the Movant respectfully submits to the Court that Counsel for Plaintiffs failed to fully comply with Local Rule 9(b) in their Motion to Seal filed (ECF #215). Local Rule 9(b)

requires a party file an unsealed written motion containing: a) a generic, non-confidential identification of the document to be sealed; b) the bases upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and c) the duration for which the sealing is requested.

The Movant tenders this Motion on the following grounds:

1) This Court has subject matter jurisdiction over Movant's intervention and an Article III case or controversy exists with respect to Movant's intervention.

2) There is a strong presumption of public access to court records under both common law and the First Amendment, and that presumption is justified here.

3) Limited-purpose intervention is the proper vehicle for non-parties to seek the unsealing of court records for publication purposes. Further, the Movant's Motion to Unseal is timely.

4) Legal matters including investigations and lawsuits relating to Nexus Services and their related entities are matter of both local and national public interest.

5) This Court has previously unsealed documents relating to the finances of the entities, to include multiple profit and loss statements of Nexus Services.[1]

6) While your Movant certainly understands the caution taken by Plaintiffs not to violate the Court's Protective Order, the history of Defendants' marking nearly all documents as "confidential" so opposing parties don't run afoul of a protective order is well-documented and *RLI* reduced their concerns in writing for the Court:

*"In what appears to constitute an improper use and overly generous interpretation of the intended scope of the confidentiality designation processes set forth in the Protective Order, Nexus stamped virtually every document and material that it produced in discovery in this litigation as "Confidential."'* RLI disagrees with Nexus' near-blanket application of the

---

[1] See ECF #483, *RLI Insurance Company v. Nexus Services, Inc., et al.,* case number 5:18-cv-00066, this Court.

*"Confidentiality" designation, which has, among various adverse consequences, exacerbated the filing practicalities with regard to RLI's Motion for Summary Judgment. In light of the foregoing, RLI files this Motion to Seal, but also expressly reserves its right under the Protective Order to challenge certain of the "Confidential" designations of Nexus at the appropriate time and forum."*

If the Court cannot resolve the privilege claims by Nexus in the abstract, the Court should issue an Order to Show Cause requiring the Defendants to defend its claims of privilege on a document-by-document basis.

WHEREFORE, based on the foregoing, your Movant respectfully requests leave to intervene in this action for the limited purpose of seeking to unseal the record. With respect to the record, your Movant respectfully requests that the Court enter an Order immediately unsealing the exhibits under ECF #216 and 218, or, alternatively, issue an Order to Show Cause directing the affected parties to justify the records remaining sealed. Further, should the Court enter an Order to Show Cause, your Movant would request permission to file a Memorandum in Support of this Motion.

Dated this June 28, 2023 and respectfully submitted,

_____
DAVID B. BRIGGMAN, Movant, *Pro Se*
7556 Mountain Valley Road
Keezletown, Virginia 22832
(540) 246-5252
briggman@gmail.com

## CERTIFICATE OF SERVICE

    I, David B. Briggman, do hereby certify that on this June 28, 2023, I mailed a true copy of the foregoing to the Office of the Clerk of this Court, located at 116 North Main Street, 3rd Floor, Harrisonburg, Virginia 22802, which upon receipt should be disseminated to all counsel of record in this matter.

_____
DAVID B. BRIGGMAN, Movant, *Pro Se*