IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 5:21-cv-00016 |
| v. | ) ) | By: Elizabeth K. Dillon |
| NEXUS SERVICES, INC., et al., | ) ) ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on non-party David B. Briggman's motion for limited purpose intervention to unseal portions of the record in this case. (Dkt. No. 220). Briggman seeks intervention to ask the court to unseal several exhibits attached to plaintiffs' brief in support of their request for evidentiary sanctions, injunctive relief, consumer redress, and civil money penalties (Dkt. No. 216)—including the unredacted declaration of Patrick Callahan, an investigator with plaintiff Consumer Financial Protection Bureau ("CFPB") (Dkt. No. 216-3), the unredacted copy of plaintiffs' brief (Dkt. No. 216-4), and the unredacted declaration of Franklin Romeo, counsel in this action for the People of the State of New York (Dkt. No. 216-5)—as well as plaintiffs' initial witness and exhibit lists in support of their request for relief (Dkt. No. 218). For the reasons stated below and because the documents in question involve information designated by defendants as "confidential", the court will take Briggman's motion under advisement and order defendants to show cause why the above-referenced documents should remain sealed.

1

## I. BACKGROUND

On August 6, 2021, upon the parties' consent motion (Dkt. No. 42), this court entered a protective order in this case. (*See* Dkt. No. 51.) The protective order allowed the parties to designate certain documents produced or information disclosed during discovery as "Protected Material" not to be shared outside of the parties, their counsel, and the court. (*See id.* 4, 9–11.) "Protected Material" is defined under the order as "any Disclosure or Discovery Material that is designated as CONFIDENTIAL." (*Id.* 4.) The order further provides that any party seeking to designate information or items for protection must "take care to limit any such designation to specific material that qualifies under the appropriate standards" and "designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of" the order. (*Id.* 4–5.) "Mass, indiscriminate, or routinized designations are prohibited" under the protective order, and "[d]esignations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties)" may expose the designating party to sanctions. (*Id.* 5.)

The parties agreed that, under the protective order, any request for the court to seal documents on the record must still comply with Local Rule 9. (*Id.* 14; *see also* W.D. Va. Gen. R. 9.) The parties further resolved that designating a document or other material as "Confidential" is, standing alone, insufficient to justify filing it under seal. (*Id.*) Rather, Local Rule 9(b) requires that, unless the document at issue falls within one of the exceptions

2

enumerated in Local Rule 9(c), the filing party must first explain the basis for each document's confidentiality. (W.D. Va. Gen. R. 9(b); *see also* Dkt. No. 51 at 14–15.)

On May 11, 2023, upon a certification of facts by U.S. Magistrate Judge Joel C. Hoppe (Dkt. No. 181), the court issued a memorandum opinion and order entering default judgment against each defendant on all claims in this case as a sanction for their "abject failure to timely comply with several of the court's discovery mandates" throughout this litigation. (Dkt. No. 201 at 5; Dkt. No. 202.) The court then ordered additional proceedings to determine the appropriate remedies and/or damages in connection with the entry of default judgment. (Dkt. No. 201 at 2.)

On June 23, 2023, plaintiffs filed a brief in support of their request for damages and other remedies (Dkt. No. 216). Additionally, that same day, plaintiffs filed (and defendants did not oppose) a motion to seal certain documents to be attached in support of that request for damages and remedies. (Dkt. No. 215.) Those documents, which were submitted separately in accordance with the Local Rules, included:

- Supplemental responses to the Commonwealth of Virginia's first interrogatories by defendants Nexus Services and Libre by Nexus (the "Entity Defendants") which stated, among other things, the amount of money that Entity Defendants received from consumers;

- an unredacted version of the declaration of Patrick Callahan that explains, based in part upon the supplemental interrogatory responses, the amount of money defendants received from consumers; and

- an unredacted version of plaintiffs' brief in support of their request for damages and remedies.

Plaintiffs explained that they submitted these documents under seal because the protective order "expressly prohibits" them from disclosing any "Protected Material"—e.g., any material designated as "Confidential"—and that each of these documents include material that defendants have designated as "Confidential." (Dkt. No. 215 at 1–2.) Plaintiffs represented that,

3

upon consultation, defendants declined to waive the confidentiality designations for the supplemental interrogatory responses (and the information contained therein) and indicated they would not oppose the motion to seal.  (*Id.* 2.)

On June 26, 2023, Judge Hoppe granted the motion to seal by oral order.  (Dkt. No. 217.) Shortly thereafter, Briggman filed this motion (Dkt. No. 220) asking the court to unseal these documents, as well as plaintiffs' exhibit list for the upcoming hearing on damages/remedies (Dkt. No. 218).  He argues (1) that "[l]egal matters including investigations and lawsuits relating to Nexus Services and their related entities are matter[s] of both local and national public interest," (2) that "[t]his [c]ourt has previously unsealed documents relating to the finances of the entities, to include multiple profit and loss statements of Nexus Services," and (3) that defendants have a "history of . . . marking nearly all documents as 'confidential' so opposing parties don't run afoul of a protective order."  (*Id.* 2.)

## II.  LEGAL STANDARDS

The common law presumes a right to inspect and copy judicial records and documents.  *See In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013).  This presumption of access may be overcome if competing interests outweigh the public's interest in access.  *See id.*; *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986).  The common law right of access is buttressed by the "more rigorous" right of access provided by the First Amendment, which applies to a narrower class of documents, including documents "made part of a dispositive motion" in a civil case.  *See Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004) (citing *Rushford*, 846 F.2d at 252).  If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a

4

compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford*, 846 F.2d at 253).

The party seeking to restrict access bears the burden of overcoming the presumption of public access and "must present specific reasons in support of its position." *Va. Dep't of State Police*, 386 F.3d at 575. The parties' designation of documents as "confidential" during discovery pursuant to a protective order "is not sufficient to justify the sealing of those documents when submitted to the court in conjunction with a motion." *Clehm v. BAE Sys., Inc.*, No. 7:16-cv-00012, 2017 WL 11367644, at *3 (W.D. Va. Mar. 21, 2017). The court must consider less drastic alternatives to sealing. *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 294. If the court grants the motion, it must "state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing." *Va. Dep't of State Police*, 386 F.3d at 576. "Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review." *Id*.

Under this court's Local Rules, to obtain a sealing order, a party must file an unsealed motion containing: (a) a generic, non-confidential identification of the document to be sealed; (b) the bases upon which the party seeks the order, including the reasons why alternatives to sealing are inadequate; and (c) the duration for which sealing is requested. Any person, including a non-party, may file a motion to unseal a document previously sealed. W.D. Va. Gen. R. 9(b)(4); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 609 (1978) (noting that a journalist and a member of the general public have an equal right of access to information about a trial).

"[T]he right to inspect and copy judicial records is not absolute." *Warner Commc'ns, Inc.*, 435 U.S. at 598. Courts have discretion to deny access to documents to prevent their use for an improper purpose or to protect a litigant's competitive standing. *Id.* (noting that the common-law right of access may be overcome by such factors). Courts will consider several factors when ruling on a motion to unseal, including: (1) whether the subject matter is traditionally considered private; (2) the injury the resisting party would suffer if the privacy interest were not protected; (3) whether the person seeking the unsealing has an improper purpose; (4) whether the public already has access to the information in the sealed documents; and (5) whether release would enhance the public's understanding of an important event.[1] *Compare Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) *with In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d at 293.

### III.  DISCUSSION

A party's designation of a document or information as "Confidential" pursuant to a protective order is not, in and of itself, sufficient to support sealing that document—under either the Local Rules, the common law, or the First Amendment. In their motion to seal, plaintiffs made no arguments in support of sealing the documents at issue—other than noting the fact (1) that the documents either were produced by defendants and marked "Confidential" or contained information extracted from other documents that were marked "Confidential"; and (2) that defendants declined to waive the confidentiality designation. (Dkt. No. 215 at 2.) Thus, plaintiffs' motion was inadequate as a matter of law. However, because defendants have not weighed in on the record as to whether (and, if so, why) these documents should remain sealed,

---

[1] Of note, this is not the first time Briggman has filed a non-party motion to unseal documents in cases involving Nexus and related entities. *See, e.g., RLI Ins. Co. v. Nexus Servs., Inc.*, No. 5:18-cv-00066, 2020 WL 2616516 (W.D. Va. May 22, 2020) (granting in part and denying in part Briggman's motion to unseal the record).

the court cannot simply "resolve the [confidentiality] claims by Nexus in the abstract," as Briggman suggests (Dkt. No. 220 at 3).

Accordingly, the court will take Briggman's motion under advisement to afford defendants the opportunity to present arguments in support of keeping the documents sealed.

IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Briggman's motion for limited purpose intervention to unseal portions of the record in this case (Dkt. No. 220) is TAKEN UNDER ADVISEMENT.  Defendants are ORDERED TO SHOW CAUSE, within seven (7) days of the date of this opinion, why Dkt. Nos. 216-3, 216-4, 216-5, and 218 should remain sealed in light of this court's Local Rules and the First Amendment and common-law rights of access discussed herein.[2]  If defendants do not timely respond to this order, the court shall direct the clerk to unseal the above-referenced documents after seven days.

The clerk is directed to send a copy of this memorandum opinion and order to all counsel of record.

Entered: July 28, 2023

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[2] In responding to Briggman's motion to unseal the record in *RLI*, defendants "focuse[d] entirely on [his] allegedly improper motive in seeking to unseal the exhibits" and "did not substantively address whether any of the exhibits warranted sealing pursuant to Local Rule 9." *RLI Ins. Co.*, 2020 WL 2616516, at *2.  However, "Briggman's motive, improper or not, [ ] is not the sole factor to consider." *See id.* at *3 (citing *Mirlis*, 952 F.3d at 62–63).  As such, in responding to the show-cause order in this case, defendants are <u>specifically instructed</u> to address whether these documents should remain sealed as a matter of law, and not simply whether Briggman's motives for asking the court to unseal them are improper.