UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> NEXUS SERVICES, INC., *et al.*, <br><br> Defendants. | No.: 5:21-cv-00016-EKD-JCH |

## DECLARATION OF VINCENT J. SMITH

VINCENT J. SMITH, declares as follows pursuant to 28 U.S.C. § 1746:

1. I have extensive experience in crisis management, immigration, and the bond industry. I have had multiple communications with Nexus Services, Inc. and Libre by Nexus, Inc. (the "Companies") regarding the state of the Companies, this litigation, and the purchase of all assets of the Companies while assuming the obligations of the Companies under the Court's Amended Judgment and Order; moreover, I have begun a due diligence process and have gained knowledge of the state of business, financial, and legal affairs at the Companies.

2. I have personal knowledge of all averred herein and nothing prevents me from making the instant Declaration.

3. Over the Course of approximately one week, I have had multiple telephonic and personal meetings with the Companies' representatives and have agreed to certain terms in a letter of intent, a true and correct copy of which is attached hereto as Exhibit A, for the purchase of the Companies.

4. Currently, I am engaged in due diligence and determining the exact position of the Companies, specifically as it relates to their legal position, necessary management and policy reforms required to ensure compliance with various legal obligations, and evaluating the exact extent of internal restructuring that will be required to maximize the chances that the Companies may continue as going concerns to the conclusion of litigation after I acquire the Companies.

5. Pursuant to the Letter of Intent, a sale should occur by April 17, 2024, at the latest. I do, however, have great concerns for the Companies' survival even over this very short term.

6. Particularly, I believe that the Companies may be adversely affected by various reporting requirements which may prove extremely difficult to comply with while due diligence is ongoing, and until I fully understand the state of affairs. Further, injunctive measures which may require the transfer of capital currently

held and prohibit entirely the receipt of incoming revenue are of great concern to the Companies short-term survival.

7. I have every intent, assuming I acquire the Companies. to in short order, within the 45-days requested, implement internal restructuring which should not only ensure compliance with reporting and record keeping requirements, but also ease post-judgment proceedings and place the Plaintiff's in a better position should any appeal taken not be successful.

8. I sincerely believe that absent a stay, as requested, the sale of the Companies may prove either impossible or be economically unviable. Even now, the assumption of the vast liabilities of the Companies makes the purchase for a nominal amount an extremely risky investment.

9. On information and belief, absent new ownership, the Companies will fail and it will likely be completely impossible for any Plaintiffs to recover any of the substantial damages, civil penalties, and restitution owed by the Companies. Moreover, absent a stay it is unclear whether I would be willing to purchase the business, either personally or through an entity, whether I could successfully restructure the business with the additional difficulties put in place by certain aspects of the injunctive relief ordered, and whether the businesses could survive through the initial restructuring process while complying with certain injunctive orders over the short term, *i.e.*, 30 to 60 days.

10. On information and belief, the sale of the Companies presents a net gain for all involved and represents the only realistic path for meaningful recovery and corporate survival; without a stay it is unclear that either: (a) I would agree to purchase the Companies, especially if its legal and financial position became more dire; (b) that the business could survive in the very short term after acquisition were I to purchase the Companies; (c) there would be any entities with solvency from which to recover or who could comply with the Court's injunctive orders.

Under the terms of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of April 2024,

READING , PA.

VINCENT J. SMITH