UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>NEXUS SERVICES, INC., *et al.*,<br><br>Defendants. | No.: 5:21-cv-00016-EKD-JCH |

## **DECLARATION OF ZACHARY LAWRENCE**

ZACHARY LAWRENCE, declares as follows pursuant to 28 U.S.C. § 1746:

1. I am the attorney for Defendants, Libre by Nexus, Inc., Nexus Services, Inc., Richard Moore, Micheal Donovan, and Evan Ajin (collectively "Defendants"), in this matter and am competent to make this declaration, which is based on my own personal knowledge, unless stated on information and belief.

2. I have represented the Defendants in this matter for approximately one year and am familiar with the filings in this case.

3. On information and belief, this case presents substantial issues for appellate review, some of which are novel.

4. Moreover, absent a stay on information and belief, irreparable harm is near certain. Namely, it is almost certain that the business would collapse and, as a result of the same, compliance with the injunctive requirements of this Court's order as well as satisfaction of monetary judgments would be impossible.

5. I believe that if the sale of Nexus Services, Inc. and Libre by Nexus, Inc. (collectively "Corporate Defendants") occurs there is a possibility that they will be able to successfully restructure and be able to comply with the injunctive provisions of the Court's Amended Judgment and Order.

6. I have had conversations with Vincent Smith, relating to his planned acquisition of Corporate Defendants, and believe that he plans to take steps necessary to reform and staff Corporate Defendants with legal and compliance personnel and implement policies which would allow for compliance both in future enforcement proceedings under Federal Rules of Civil Procedure 69 and with the injunctive portions of the Amended Judgment and Order.

7. To put the matter completely bluntly, given Corporate Defendants' current state of affairs it is highly unlikely to assume that the single attorney retained, with relevant expertise, would be able to handle compliance, reporting, and discovery obligations; it would certainly be impossible to do so while continuing to meaningfully participate in the myriad other complex litigation which is ongoing. The only manner in which doing so would be possible would

be through additional legal and compliance staffing. On information and belief, if Corporate Defendants are purchased such additional staffing will occur.

8. Currently, my firm employs a single lawyer on a full-time basis—it has proven impossible to hire and train additional legal staff while fulfilling my firm's litigation load. This has resulted in personally working on a regular basis over 70 hours per week. Beyond this fact, even were it possible to hire additional staff to cover Defendants' legal needs, Defendants' financial position, under current ownership, makes such impossible. Defendants *only* have managed to keep current counsel by renegotiating the terms of retainer agreements.[1]

9. Since April 25th I have regularly been working over 12 hours per day, have traveled between DC, New York, and Western Virginia continually, and not had a day off. During the same time, a former principal of Corporate Defendants was incarcerated, and significant contracting and negotiation work had to occur, this all happened concurrently with the Court's Judgment and Order in this matter.

10. The above efforts, have required counsel to make strategic choices in what tasks to devote his time to, much of that time has gone to meetings and negotiations aimed at the survival of the Corporate Defendants and facilitating their sale to a

---

[1] At one point, Defendants were behind approximately $110,000 on a retainer that provided for installment payments.

buyer with the funds necessary to restructure the Corporate Defendants and ensure that they are able to meet their legal responsibilities.

11. I have filed the instant motion as early as humanly possible given the unique circumstances and demands that existed. One day prior to drafting the instant motion a letter of intent was signed; prior to today certain key details remained unclear, which were only agreed to on the afternoon on which the instant declaration was drafted.

12. On information and belief, a sales contract will be finalized by Friday, April 12, 2024.

13. On information and belief, the sale of Corporate Defendants will benefit Plaintiffs, the Court, the public, and the consumers who are to receive restitution.

14. On information and belief, it is highly unlikely that under current ownership the Corporate Defendants' would be able to survive and to comply either with their financial or injunctive obligations under the Court's Amended Judgment and Order.

15. On information and belief, the primary benefit to a change in ownership will be the restructuring and reorganization of Corporate Defendants as well as a bolstering of internal policies and record keeping practices. For such to take

place, on information and belief, a short period must be devoted *solely* to the transition to new-management and reorganization.

16. On information and belief, a failure to stay certain injunctive aspects of the Amended Order and Judgment may frustrate, or make impossible, an orderly and meaningful reorganization which would result in irreparable harm.

17. As noted above, were that sale or that reorganization post-sale to fail, I believe that all parties would be left in a position where irrevocable harm would be inevitable: Corporate Defendants would be wholly insolvent and fail; there would be no Corporate Defendants to comply with the injunctive portion of the judgments; and no Corporate Defendants to collect any relief from.[2]

18. On information and belief, at the end of the brief 45-day stay, the Plaintiffs would find themselves in a better position vis-à-vis enforcement and compliance with the Amended Judgment and Order and in exercising any rights to inspect, copy, interview, or review documentation or interview corporate personnel. I honestly do not believe the Plaintiffs would be in anyway prejudiced if one considers the benefits attendant with new ownership, control, and management.

[Signature Follows]

---

[2] I do not believe that the individual defendants in this matter have any assets which would be meaningful given the size of the judgments.

Under the terms of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day of April 2024, WASHINGTON, DC.

_____

ZACHARY LAWRENCE