IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

CONSUMER FINANCIAL PROTECTION
BUREAU, et al.,

   Plaintiffs,

v.

NEXUS SERVICES, INC., et al.,

   Defendants.

Case No.: 5:21-cv-00016-EKD-JCH

**PLAINTIFF CONSUMER FINANCIAL PROTECTION BUREAU'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY EXECUTION OF JUDGMENT**

Plaintiff the Consumer Financial Protection Bureau writes to notify the Court of the Supreme Court's decision in *CFPB v. Community Financial Services Ass'n of Am., Ltd.*, No. 22-448, 2024 WL 2193873 (U.S. May 16, 2024) ("*CFSA*"), which squarely forecloses an argument raised in Defendants' pending motion for a stay pending appeal.

In *CFSA*, the Supreme Court—with Justice Thomas writing for a seven-justice majority—rejected the same attack on the Bureau's statutory method of funding that Defendants here unsuccessfully tried to raise in their untimely motion for judgment on the pleadings, and that they now say supports their request for a stay pending appeal. *See* Mem. Op. & Order Denying Recon. at 10, ECF No. 226 (affirming decision to deny motion with funding challenge as moot, but explaining that Court would reject challenge on the merits if it were to reach the question); Br. in Supp. of Mot. Stay at 15, ECF No. 250 (calling Bureau's statutory funding mechanism a "serious and novel" question on appeal). The Supreme Court's decision in *CFSA* forecloses Defendants' argument and affirms the validity of the Bureau's funding. Relying on

1

constitutional text and history, the Court explained that "appropriations need only identify a source of public funds and authorize the expenditure of those funds for designated purposes to satisfy the Appropriations Clause." *CFSA*, 2024 WL 2193873, at *5. It had no difficulty concluding that "[t]he Bureau's funding statute contains the requisite features of a congressional appropriation" and "fits comfortably with the First Congress' appropriations practice." *Id.* at *9. The Court thus affirmed "that the requirements of the Appropriations Clause are satisfied" by the Bureau's statute. *Id.* It accordingly reversed the contrary judgment of the Fifth Circuit that Defendants have relied on here. *See id.* at *12.

*CFSA* therefore confirms that Defendants cannot succeed on the merits of their challenge to the Bureau's method of funding, and that challenge cannot support Defendants' bid for a stay pending appeal.

Dated: May 20, 2024

Respectfully submitted,

Eric Halperin
 *Enforcement Director*
Alusheyi J. Wheeler
 *Deputy Enforcement Director*
Kara K. Miller
 *Assistant Litigation Deputy*

**Stephanie B. Garlock**
D.C. Bar Number: 1179629
Hai Binh T. Nguyen
California Bar Number: 313503
Leanne E. Hartmann
California Bar Number: 264787
Lee I. Sherman
California Bar Number: 272271
Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone (Nguyen): (202) 435-7251
Telephone (Hartmann): (415) 844-9787

Telephone (Sherman): (202) 374-4575
Telephone (Garlock): (202) 435-7201
Email: haibinh.nguyen@cfpb.gov
Email: leanne.hartmann@cfpb.gov
Email: lee.sherman@cfpb.gov
Email: stephanie.garlock@cfpb.gov

*Attorneys for the Consumer Financial Protection Bureau*