UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> NEXUS SERVICES, INC., *et al.*, <br><br> Defendants. | No.: 5:21-cv-00016-EKD-JCH |

## **DECLARATION OF ZACHARY LAWRENCE**

ZACHARY LAWRENCE, declares as follows pursuant to 28 U.S.C. § 1746:

1. I, Zachary Lawrence, represent of the defendants in this action and have personal knowledge of all facts averred herein, unless stated on information and belief, in which case I sincerely believe the assertions to be true based on information available to me. Nothing prevents me from making the instant Declaration.

2. I represented defendants in this action at the time of the entrance of the Amended Judgment and Order (the "Order") and at the time of the sale of assets.

1

3. I urged the principals of Nexus Services, Inc. and Libre by Nexus, Inc., (collectively, "Corporate Defendants") to divest themselves entirely of their interests in Corporate Defendants. There were multiple reasons for this, but primarily this was to avoid injunctive obligations under the order.

4. Prior to the sale of assets, I had multiple conversations with Micheal Donovan and Evan Ajin ("Principals") about what their obligations under the Order might be and how an asset purchase might have implicated the same.

5. I explained my view that the Order was ambiguous, likely overly broad, and likely so vague as to not be proper under Rule 65. I additionally explained the implications that this would have on contempt and my understandings generally on their obligations under the order. My views, stated to them more generally, appear in the Memorandum of Law in Opposition to Plaintiff's Motion for Order to Show Cause.

6. In essence, what I stated was that Corporate Defendants would be selling/assigning as much as would be legal to sell/assign and that such could not necessarily be known at the time of the sale because of the lack of clarity of the Order. Additionally, I explained that they would be selling uncertain liabilities, again, it was unclear what exactly were "applicable" provisions and whether or not another party taking on those provisions might either *de facto* or

2

*de jure* lessen Corporate Defendants' obligations to comply with such "applicable" provisions.

7. I further explained my understanding of Section 1.05 of the agreement and that it would have prevented a sale of assets which were illegal to sell and would have prevented contempt. I believe, I explained this through analogy stating that a defense company might wish to sell all assets to a foreign entity, but that some of these assets could not be sold because of export regulations, thus a party would simply sell "all IP" and "all inventory" while keeping a place a savings clause to ensure that no intellectual property or physical property was sold that would violate US law.

8. I explicitly stated that while one could not be certain of what was transferred until it was clear what could and could not be transferred, under the Order, that an illegal transfer would be prevented by a savings clause like the clause which appeared in the sales agreement.

9. On information and belief, Corporate Defendants and Principals relied on my advice and had a good faith reason to believe that they were acting in compliance with the Order.

10. Beyond all of the above, I have at no time, nor do I now believe, that the sale has been in any way violative of the Order. I believe that the Order is at the very best internally contradictory, confusing, and ambiguous; because such was

3

the case, any contract had to take into account that ambiguity and the very real chance that the Order would be subject to revision in the future, which required the sales contract to operate on future contingencies to both define the liabilities and assets actually transferred, that would only occur well after the transfer.

11. I can see virtually no reason for this motion—that is especially true given the burden of proof and binding case law of the Fourth Circuit—; I expressly stated my openness to begin discussions vis-à-vis an indicative ruling or stipulation. This needlessly has burdened the parties and on information and belief the Court.

Under the terms of 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of June 2024, Cold Brook, NY.

_____

Zachary Lawrence