CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
08/17/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CONSUMER FINANCIAL PROTECTION BUREAU; COMMONWEALTH OF MASSACHUSETTS; THE PEOPLE OF THE STATE OF NEW YORK, *by* LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK; *and* COMMONWEALTH OF VIRGINIA, *ex rel.* JAY JONES, ATTORNEY GENERAL,

*Plaintiffs,*

*v.*

NEXUS SERVICES, INC.; LIBRE BY NEXUS, INC.; MICHEAL DONOVAN; RICHARD MOORE; *and* EVAN AJIN,

*Defendants.*

Civil Action No. 5:21-cv-00016

By: Elizabeth K. Dillon
Chief United States District Judge

**ORDER**

On March 30, 2026, the court held Nexus Services, Inc., Libre by Nexus, Inc., Libre Immigration Services, Inc. (LIS), Micheal Donovan, and Evan Ajin, in civil contempt. (Dkt. No. 300.) The court ordered:

> The court DECLARES void, and ORDERS contemnors to unwind any performance of, those provisions of the April 2024 sale of Nexus Services's and Libre by Nexus's assets to Libre Immigration Services that violated paragraph 19 of the amended final judgment order, including all provisions purporting to sell covered customer information or contract-collection rights. (Dkt. No. 246 at ¶ 19.) Contemnors or their representatives are all ORDERED to, jointly or otherwise, swear out affidavits either acquiescing to rescission of the entire sale or identifying, for the court's review, exactly which provisions they contend survive; conferral with plaintiffs is encouraged.

(*Id.*) As to LIS, the purchaser in the 2024 sale, the court also ordered:

> The court further ORDERS Libre Immigration Services to destroy any covered information or contracts that it possesses or to which it has access, to cease collecting on any covered contracts, and to disclose, account for, and disgorge to consumers any money collected on the covered contracts. It or its representative is also ORDERED to swear out an affidavit that this is done, including the date of compliance.

(*Id.*) "Upon complying," the court explained, "each contemnor's civil contempt will be held purged by separate order." (*Id.*)

Donovan and Ajin, by whose signatures Nexus Services and Libre by Nexus entered into the sale for which all were held in civil contempt, filed affidavits acquiescing to rescission of the entire sale and representing that Nexus Services and Libre by Nexus are no longer operational. (Dkt. Nos. 303, 305-1.)[1] LIS's CEO, Vincent Smith, likewise filed an affidavit of LIS's acquiescence and other compliance. (Dkt. No. 304.)

On May 29, 2026, plaintiffs wrote a letter to express their dissatisfaction with the affidavits, attaching an affidavit of one Devani Rogers. (Dkt. Nos. 306, 306-1.) The court construes this letter as a response in opposition to contemnors' asserted compliance with the court's remedial order. Ajin, plaintiffs say, must know whether the covered information was transferred, where it was located, and who had access to and tried to use it, but his affidavit does not include these details. Donovan's affidavit, they complain, also does not particularize what was transferred, where it was, who had it, or what unwinding and rescission meant. And they generally disbelieve Smith: He must have received the information, but he swears he did not; he never mentions Capsule, a software application mentioned by Ajin; he provides few details of the unwinding and rescission; and his affidavit is inconsistent with Rogers's affidavit.

---

[1] Ajin's motion for leave to file his supplemental affidavit out of time (Dkt. No. 305) will be granted. The court has considered the affidavit in this ruling.

Rogers was a Nexus employee who became an LIS employee through the sale. (Dkt. No. 306-1 ¶ 2.) She claims to have heard that an LIS technician, developing software to monitor the locations of bond consumers, had extracted covered information from the personal laptop of another Nexus-to-LIS employee and had uploaded it to the LIS monitoring database. (*Id.* ¶¶ 11–15.) She also claims to have heard that "LIS had been attempting to collect money from consumers who had signed contracts with Libre prior to the sale of assets to LIS." (*Id.* ¶ 14.)

Notably, the court's remedial order provided plaintiffs what they sought and established on their civil contempt motion. (Dkt. No. 260 at 8.) No accounting of the details of the sale's unwinding was required of them. Rather, Nexus Services, Libre by Nexus, Donovan, and Ajin could strictly comply with the order's terms by swearing out, or having their representatives swear out, affidavits that they had unwound the violative sale provisions and had acquiesced to the sale's rescission. (Dkt. No. 300.) Donovan's and Ajin's affidavits satisfy the court that these contemnors have done so to the extent of their abilities. (Dkt. Nos. 303, 305-1.) Plaintiffs may have hoped for more detail, but they offer no new facts to justify revisiting the sale's harms or remedies at this stage of the proceedings. These contemnors complied with the court's remedial order, so their civil contempt will be held purged.

But Rogers's affidavit calls LIS's compliance into question. (Dkt. No. 306-1.) The court had proceeded on Smith's representation that "LIS has not received any client information of any sort." (Dkt. No. 299 at 18 (quoting Dkt. No. 265-2 ¶ 7).) When the court crafted its remedial order to unwind any performance of the sale provisions by which contemnors "disclose[d], use[d], or benefit[ed] from customer information" and "attempt[ed] to collect, sell, assign, or otherwise transfer any right to collect payment from any" covered consumer (Dkt. No. 246 ¶ 19), it understood this performance not to have resulted in "any information chang[ing] hands in the

sense of actual access to its content" (Dkt. No. 299 at 18). Accordingly, the court did not expect that proof of LIS's compliance with its further order—"to destroy any covered information or contracts that it possesses or to which it has access, to cease collecting on any covered contracts, and to disclose, account for, and disgorge to consumers any money collected on the covered contracts"—could require more evidence than the sort of affidavit Smith ultimately submitted. (Dkt. Nos. 300, 304.)

Rogers's affidavit upsets this expectation. It tends to show that the 2024 sale might have led to LIS using and benefiting from some covered information and attempting to collect payment in violation of the amended final judgment order. (Dkt. No. 306-1.) The affidavit creates enough factual tension with Smith's affidavit to prevent the court from holding LIS's civil contempt to be purged before affording plaintiffs and LIS an opportunity to present more evidence. This evidence will be limited to points controverted by Rogers's affidavit and will not include matters beyond those issues.[2]

The court will schedule an evidentiary hearing. Of course, plaintiffs and LIS are welcome to confer and reach an agreement that may permit the court to hold LIS's civil contempt purged without hearing further evidence.

Finally, because this contempt issue between plaintiffs and LIS is all that remains pending in this case, the motions to withdraw of all other defendants' counsel will be granted. (Dkt. Nos. 291, 295.) Furthermore, and because of the granting of those motions to withdraw, the motion based on an asserted conflict presented by concurrent representation of LIS and the other defendants will be denied as moot. (Dkt. No. 301.) The court will require counsel for LIS

[2] For example, plaintiffs' present concerns about Subversivo LLC were not squarely raised on their contempt motion—indeed, Subversivo was not mentioned at all in their request for relief—and do not directly flow from the 2024 sale. (*See* Dkt. No. 260 at 8.) Any further enforcement of the amended final judgment order (Dkt. No. 246) must be through other motions. *See, e.g.*, Fed. R. Civ. P. 70(e).

to continue their representation until this matter is resolved, so their motions will be denied. (Dkt. Nos. 290, 294.)

In conclusion, for the foregoing reasons, the court hereby **ORDERS** that:

1. Ajin's motion for leave to file a supplemental affidavit (Dkt. No. 305) is GRANTED;

2. The April 2024 sale of Nexus Services's and Libre by Nexus's assets to LIS is RESCINDED;

3. Nexus Services's, Libre by Nexus's, Donovan's, and Ajin's civil contempt is PURGED;

4. Lawrence's and Matheny-Willard's motions to withdraw from their representations of defendants Nexus Services, Libre by Nexus, Donovan, Ajin, and Richard Moore (Dkt. Nos. 291, 295) are GRANTED;

5. Lawrence's and Basnight's motions to withdraw from their representations of LIS (Dkt. Nos. 290, 294, 301) are DENIED; and

6. A hearing to take evidence on the controverted points of LIS's remedial compliance will be held. Counsel for plaintiffs and LIS may reach out to the court's scheduler to find an agreeable time for the hearing.

The clerk of court is directed to transmit copies of this order to counsel for all parties.

Entered: August 17, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge